UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PENNSYLVANIA HIGHER EDUCATION | : | |
| ASSISTANCE AGENCY, | : | |
| *Plaintiff,* | : | |
| | : | |
| | : | |
| VS. | : | 3:18CV1114 (MPS) |
| | : | |
| | : | |
| JORGE L. PEREZ, COMMISSIONER OF | : | |
| THE CONNECTICUT DEP'T OF | : | |
| BANKING, THE CONNECTICUT DEP'T | : | |
| OF BANKING, BETSY DEVOS, | : | |
| SECRETARY OF THE U.S. DEP'T OF | : | |
| EDUCATION, AND THE U.S. DEP'T OF | : | |
| EDUCATION. | : | SEPTEMBER 7, 2018 |
| *Defendants.* | | |

## THE STATE DEFENDANTS' ANSWER

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, the defendants, Jorge L.

Perez, Commissioner of the Connecticut Department of Banking, and the Connecticut

Department of Banking ("the State Defendants"), by and through the undersigned Assistant

Attorney General, hereby Answer the Complaint for Declaratory and Injunctive Relief filed on

July 2, 2018 as follows:

## INTRODUCTION

This introductory paragraph is a statement of the case to which no response is required.

## NATURE OF ACTION

1. As to Paragraph 1, the State Defendants have insufficient knowledge or belief and leave

the plaintiff to its proof.

2. As to Paragraph 2, the State Defendants have insufficient knowledge or belief and leave

the plaintiff to its proof.

3.   As to Paragraph 3, the Paragraph is admitted insofar as it alleges that "Connecticut DOB, citing provisions of Connecticut law purportedly requiring production of books and records by holders of licenses to service student loans upon request has demanded that PHEAA, as a licensee, produce records." Insofar as the Paragraph alleges the records contain "the personal identifying information of federal student loan borrowers" -- the State Defendants have insufficient knowledge or belief and leave the plaintiff to its proof.  The Paragraph is admitted insofar as it alleges that the records belong to the U.S. Department of Education, that this Department has "expressly prohibited [the plaintiff] from disclosing such records to the Connecticut DOB", and that the plaintiff has complied with this directive and directed that any requests for its records must be addressed to the U.S. Department of Education.  The Paragraph is further admitted insofar as it alleges the U.S. Department of Education has refused to produce the documents directly to the Connecticut DOB but with the caveat that the State Defendants have never asked for a production by the U.S. Department of Education but only for an authorization for the plaintiff to produce such records.

4.   As to Paragraph 4, the Paragraph is admitted except for that portion which states,"[t]he true parties in interest are the Connecticut DOB and ED."  As to this portion, the State Defendants have insufficient knowledge or belief and leave the plaintiff to its proof.  Further, with respect to that portion which states, "PHEAA therefore requests that this Court declare whether the relevant Connecticut statutes are preempted by federal law" – the State Defendants do not answer as no response is required.

5.   As to Paragraph 5, this Paragraph constitutes the plaintiff's request for relief to which no response is required.

## PARTIES

6.  As to Paragraph 6, the State Defendants have insufficient knowledge or belief and leave the plaintiff to its proof.

7.  Paragraph 7 is admitted.

8.  Paragraph 8 is admitted.

9.  Paragraph 9 is admitted.

10. Paragraph 10 is admitted.

## JURISDICTION AND VENUE

11. Paragraph 11 is admitted.

12. Paragraph 12 is admitted.

13. Paragraph 13 is admitted.

## FACTS

14. Paragraph 14 is admitted.

15. Paragraph 15 is admitted.

16. As to Paragraph 16, the State Defendants have insufficient knowledge or belief and leave the plaintiff to its proof.

17. As to Paragraph 17, the State Defendants have insufficient knowledge or belief and leave the plaintiff to its proof.

18. As to Paragraph 18, the State Defendants have insufficient knowledge or belief and leave the plaintiff to its proof.

19. As to Paragraph 19, the State Defendants have insufficient knowledge or belief and leave the plaintiff to its proof.

20. As to Paragraph 20, this Paragraph sets forth a statement of law to which no response is required.

21. As to Paragraph 21, the State Defendants have insufficient knowledge or belief and leave the plaintiff to its proof.

22. As to Paragraph 22, the State Defendants have insufficient knowledge or belief and leave the plaintiff to its proof.

23. Paragraph 23 is admitted.

24. As to Paragraph 24, this Paragraph sets forth a conclusion of law to which no response is required.

25. Paragraph 25 is admitted.

26. Paragraph 26 is admitted.

27. Paragraph 27 is admitted.

28. Paragraph 28 is admitted.

29. Paragraph 29 is admitted.

30. As to Paragraph 30, the State Defendants have insufficient knowledge or belief and leave the plaintiff to its proof.

31. Paragraph 31 is admitted.

32. Paragraph 32 is admitted.

33. As to Paragraph 33, the State Defendants have insufficient knowledge or belief and leave the plaintiff to its proof.

34. Paragraph 34 is admitted.

35. As to Paragraph 35, the Paragraph is admitted except for that portion which alleges the

plaintiff "fully produced to the Connecticut DOB certain responses to the Request not

implicating the federal prohibition on disclosure of ED's documents, along with all non-FSA-

owned responsive documents and data."  As to this portion, the State Defendants have

insufficient knowledge or belief and leave the plaintiff to its proof.

36. Paragraph 36 is admitted.

37. Paragraph 37 is admitted.

38. Paragraph 38 is admitted.

39. As to Paragraph 39, the Paragraph is denied insofar it alleges the Connecticut DOB referred

to the Connecticut statutes at issue as "Connecticut Disclosure Statutes." The Paragraph is

otherwise admitted with the caveat that while the March 21 letter was the first time the

Connecticut DOB asserted that the plaintiff had failed to produce "numerous" records sought in

the Request, it was not the first time the Connecticut DOB asserted that the plaintiff had failed to

produce records.

40. Paragraph 40 is admitted.

41. Paragraph 41 is admitted.

42. Paragraph 42 is admitted.

43. Paragraph 43 is admitted.

44. Paragraph 44 is admitted.

45. Paragraph 45 is admitted.

46. As to Paragraph 46, the Paragraph is denied insofar it alleges the Connecticut DOB referred

to the Connecticut statutes at issue as the "Connecticut Disclosure Statutes." The Paragraph is

otherwise admitted with the caveat that during the April 2, 2018 conference, Connecticut DOB

5

informed the plaintiff that it would not rescind its demand for either compliance or, in the alternative, that the plaintiff provide an explanation for its non-compliance with Connecticut law.

47. Paragraph 47 is admitted.

48. Paragraph 48 is admitted.

49. Paragraph 49 is admitted.

50. As to Paragraph 50, this Paragraph sets forth a conclusion of law to which no response is required.

51. Paragraph 51 is admitted.

52.  Paragraph 52 is admitted.

53. Paragraph 53 is admitted.

54. Paragraph 54 is admitted.

55. Paragraph 55 is admitted.

56. Paragraph 56 is admitted.

## CLAIMS FOR RELIEF

## COUNT ONE

57. As to Paragraph 57, the State Defendants have insufficient knowledge or belief and leave the plaintiff to its proof.

58. As to Paragraph 58, this Paragraph sets forth a statement of law to which no response is required.

59. As to Paragraph 59, this Paragraph sets forth a statement of law to which  no response is required.

60.  As to Paragraph 60, this Paragraph sets forth a conclusion of law to be determined solely

by the Court, to which no response is required.

61. As to Paragraph 61, this Paragraph sets forth a statement of law to which no response is required.

62. As to Paragraph 62, this Paragraph sets forth a statement of law to which no response is required.

63. As to Paragraph 63, this Paragraph sets forth a statement of law to which no response is required.

64. As to Paragraph 64, this Paragraph sets forth a conclusion of law to be determined solely by the Court, to which no response is required.  To the extent that a response is required, the State Defendants have insufficient knowledge or belief and leave the plaintiff to its proof.

65. As to Paragraph 65, insofar as this Paragraph alleges "[a] declaration as to the legality and enforceability of the Connecticut Disclosure Statutes is needed to clarify and settle PHEAA's obligation to produce the records at issue" --  it sets forth a conclusion of law to which no response is required.  As to the remainder of the Paragraph, the State Defendants have insufficient knowledge or belief and leave the plaintiff to its proof.

66. As to Paragraph 66, this Paragraph sets forth a conclusion of law to be determined solely by the Court, to which no response is required.

67. As to Paragraph 67, this Paragraph sets forth a conclusion of law to be determined solely by the Court, to which no response is required.

## **COUNT TWO**

68. As to Paragraph 68, the State Defendants have insufficient knowledge or belief and leave the plaintiff to its proof.

7

69. As to Paragraph 69, this Paragraph sets forth a conclusion of law to be determined solely by the Court, to which no response is required.

70. As to Paragraph 70, this Paragraph sets forth a statement of law to which no response is required.

71. As to Paragraph 71, this Paragraph sets forth a conclusion of law to be determined solely by the Court, to which no response is required.

72. Paragraph 72 is denied.

73. As to Paragraph 73, the Paragraph is denied insofar as it alleges "the Connecticut Disclosure Statutes purport to require servicers to make records available to the State Defendants, in some circumstances within five business days after the Commissioner's official request." The Paragraph is also denied insofar as it alleges that federal law prohibits the plaintiff from providing student loan records directly to the State Defendants.

74. As to Paragraph 74, this Paragraph sets forth a conclusion of law to be determined solely by the Court, to which no response is required.

75. As to Paragraph 75, this Paragraph sets forth a conclusion of law to be determined solely by the Court, to which no response is required.

76. As to Paragraph 76, this Paragraph sets forth a conclusion of law to be determined solely by the Court, to which no response is required.

77. As to Paragraph 77, this Paragraph sets forth a conclusion of law to be determined solely by the Court, to which no response is required.

## **COUNT THREE**

78. As to Paragraph 78, the State Defendants have insufficient knowledge or belief and leave

the plaintiff to its proof.

79. As to Paragraph 79, this Paragraph sets forth a conclusion of law to be determined solely by the Court, to which no response is required.

80. As to Paragraph 80, this Paragraph sets forth a statement of law to which no response is required.

81. As to Paragraph 81, this Paragraph sets forth a statement of law to which no response is required.

82. As to Paragraph 82, this Paragraph sets forth a conclusion of law to which no response is required.

83. As to Paragraph 83, the Paragraph is denied insofar as it alleges "the Connecticut Disclosure Statutes purport to subject loans made under Title IV of the HEA to disclosure requirements under state law."  The remainder of the Paragraph presents a conclusion of law to be determined solely by the Court, to which no response is required.

84. As to Paragraph 84, insofar as this Paragraph alleges "[a] declaration as to the legality and enforceability of the Connecticut Disclosure Statutes is needed to clarify and settle PHEAA's obligation to produce the records at issue" -- it sets forth a conclusion of law to which no response is required.  As to the remainder of the Paragraph, the State Defendants have insufficient knowledge or belief and leave the plaintiff to its proof.

85. As to Paragraph 85, this Paragraph sets forth a conclusion of law to which no response is required.

86. As to Paragraph 82, this Paragraph sets forth a conclusion of law to which no response is required.

**PRAYER FOR RELIEF**

The remainder of the Complaint constitutes the plaintiff's request for relief to which no response is required.  To the extent that a response is required, the State Defendants deny the plaintiff is entitled to the relief sought with respect to them, to wit: a declaratory judgment that federal law preempts the Connecticut Disclosure Statutes, permanent injunctive relief or any other such relief against them.

DEFENDANTS,

JORGE L. PEREZ,
COMMISSIONER OF
THE CONNECTICUT DEP'T
OF BANKING, AND THE
CONNECTICUT DEP'T OF BANKING

GEORGE JEPSEN
ATTORNEY GENERAL

BY:     _____/s/_____
James W. Caley
Assistant Attorney General
55 Elm Street
Hartford, CT  06141
Federal Bar No. ct 16768
james.caley@ct.gov
Tel: (860) 808-5270
Fax: (860) 772-1709

**CERTIFICATION**

I hereby certify that on September 7, 2018, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

_____/s/_____
James W. Caley
Commissioner of the Superior Court

10

11