UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PENNSYLVANIA HIGHER EDUCATION | : | |
| ASSISTANCE AGENCY, | : | |
| *Plaintiff,* | : | |
| | : | |
| | : | |
| VS. | : | 3:18CV1114 (MPS) |
| | : | |
| | : | |
| JORGE L. PEREZ, COMMISSIONER OF | : | |
| THE CONNECTICUT DEP'T OF | : | |
| BANKING, THE CONNECTICUT DEP'T | : | |
| OF BANKING, BETSY  DEVOS, | : | |
| SECRETARY OF THE U.S. DEP'T OF | : | |
| EDUCATION, AND THE U.S.  DEP'T OF | : | |
| EDUCATION. | : | OCTOBER 15, 2018 |
| *Defendants.* | | |

**THE STATE DEFENDANTS'
ANSWER TO THE AMENDED COMPLAINT**

Pursuant to Rules 8 and 15 of the Federal Rules of Civil Procedure, the defendants, Jorge

L. Perez, Commissioner of the Connecticut Department of Banking, and the Connecticut

Department of Banking ("the State Defendants"), by and through the undersigned Assistant

Attorneys General, hereby Answer the Amended Complaint for Interpleader and Declaratory and

Injunctive Relief filed on October 1, 2018 as follows:

**INTRODUCTION**

This introductory paragraph is a statement of the case to which no response is required.

**NATURE OF THE ACTION**

1.  As to Paragraph 1, the State Defendants have insufficient knowledge or belief and leave

the plaintiff to its proof.

2.  As to Paragraph 2, the Paragraph is admitted insofar as it alleges that "[c]iting provisions of

Connecticut law purportedly governing holders of state licenses to service student loans, the Connecticut DOB has demanded that PHEAA produce records."  Insofar as the Paragraph alleges the records contain "the personal identifying information of federal student loan borrowers" -- the State Defendants have insufficient knowledge or belief and leave the plaintiff to its proof.

3.   Paragraph 3 is admitted.

4.   As to Paragraph 4, the paragraph is admitted except for that portion which states, "[a]ware of the demand of the Connecticut DOB and under its purported authority as owner of the Documents, ED contends that if PHEAA does produce the Documents, it will be in violation of both federal law and its Servicing Contract with ED ("the Contract")."  As to this portion, the State Defendants have insufficient knowledge or belief and leave the plaintiff to its proof.

5.   As to Paragraph 5, the paragraph is admitted with the caveat that the State Defendants never asked ED to produce documents directly to Connecticut DOB.  Rather, the State Defendants requested that ED authorize the plaintiff to disclose the documents to Connecticut DOB.

6.   Paragraph 6 is admitted.

7.   Paragraph 7 is admitted.

8.   As to Paragraph 8, the Paragraph is admitted except for that portion which states, "[t]he true parties in interest are the Connecticut DOB and ED."  As to this portion, the State Defendants have insufficient knowledge or belief and leave the plaintiff to its proof.

9.   As to Paragraph 9, the State Defendants have insufficient knowledge or belief and leave the plaintiff to its proof.

10. As to Paragraph 10, the State Defendants have insufficient knowledge or belief and leave the

plaintiff to its proof.

11. As to Paragraph 11, this Paragraph constitutes the plaintiff's request for relief to which no response is required.

## PARTIES

12. As to Paragraph 12, the State Defendants have insufficient knowledge or belief and leave the plaintiff to its proof.

13. Paragraph 13 is admitted.

14. Paragraph 14 is admitted.

15. Paragraph 15 is admitted.

16. Paragraph 16 is admitted.

## JURISDICTION AND VENUE

17. Paragraph 17 is admitted.

18. Paragraph 18 is admitted.

19. Paragraph 19 is admitted.

20. Paragraph 20 is admitted.

## FACTS

21.  Paragraph 21 is admitted.

22.  Paragraph 22 is admitted.

23.  As to Paragraph 23, the State Defendants have insufficient knowledge or belief and leave the plaintiff to its proof.

24.  As to Paragraph 24, the State Defendants have insufficient knowledge or belief and leave the plaintiff to its proof.

25.  As to Paragraph 25, the State Defendants have insufficient knowledge or belief and leave the plaintiff to its proof.

26.  As to Paragraph 26, the State Defendants have insufficient knowledge or belief and leave the plaintiff to its proof.

27.  As to Paragraph 27, this Paragraph sets forth a statement of law to which no response is required.

28.  As to Paragraph 28, the State Defendants have insufficient knowledge or belief and leave the plaintiff to its proof.

29.  As to Paragraph 29, the State Defendants have insufficient knowledge or belief and leave the plaintiff to its proof.

30.  Paragraph 30 is admitted.

31.  As to Paragraph 31, this Paragraph sets forth a conclusion of law to which no response is required.

32.  Paragraph 32 is admitted.

33.  Paragraph 33 is admitted.

34.  Paragraph 34 is admitted.

35.  Paragraph 35 is admitted.

36.  Paragraph 36 is admitted.

37.  As to Paragraph 37, the State Defendants have insufficient knowledge or belief and leave the plaintiff to its proof.

38.  Paragraph 38 is admitted.

39.  Paragraph 39 is admitted.

40.  As to Paragraph 40, the State Defendants have insufficient knowledge or belief and leave the plaintiff to its proof.

41.  As to Paragraph 41, the paragraph is admitted with the caveat that Connecticut DOB informed the plaintiff that it would issue a direct request to ED for <u>access to the records</u> that Connecticut DOB had previously sought from the plaintiff.

42.  Paragraph 42 is admitted.

43.  As to Paragraph 43, the State Defendants have insufficient knowledge or belief and leave the plaintiff to its proof.

44.  Paragraph 44 is admitted.

45.  Paragraph 45 is admitted.

46.  Paragraph 46 is admitted.

47.  As to Paragraph 47, the Paragraph is denied insofar it alleges the Connecticut DOB referred to the Connecticut statutes at issue as "Connecticut Disclosure Statutes." The Paragraph is otherwise admitted with the caveat that while the March 21 letter was the first time the Connecticut DOB asserted that the plaintiff had failed to produce "numerous" records sought in the Request, it was not the first time the Connecticut DOB asserted that the plaintiff had failed to produce records.

48.  Paragraph 48 is admitted.

49.  Paragraph 49 is admitted.

50.  Paragraph 50 is admitted.

51.  Paragraph 51 is admitted.

52.  Paragraph 52 is admitted.

5

53.  Paragraph 53 is admitted.

54.  As to Paragraph 54, the Paragraph is denied insofar it alleges the Connecticut DOB referred

to the Connecticut statutes at issue as the "Connecticut Disclosure Statutes." The Paragraph is

otherwise admitted with the caveat that during the April 2, 2018 conference, Connecticut DOB

informed the plaintiff that it would not rescind its demand for either compliance or, in the

alternative, that the plaintiff provide an explanation for its non-compliance with Connecticut law.

55.  Paragraph 55 is admitted.

56.  Paragraph 56 is admitted.

57.  Paragraph 57 is admitted.

58.  As to Paragraph 58, this Paragraph sets forth a conclusion of law to which no response is

required.

59.  Paragraph 59 is admitted.

60.  Paragraph 60 is admitted.

61.  Paragraph 61 is admitted.

62.   Paragraph 62 is admitted.

63.   Paragraph 63 is admitted.

64.   Paragraph 64 is admitted.

65.  As to Paragraph 65, the State Defendants have insufficient knowledge or belief and leave the

plaintiff to its proof.

## CLAIMS FOR RELIEF

### COUNT ONE

66. As to Paragraph 66, the State Defendants have insufficient knowledge or belief and leave

6

the plaintiff to its proof.

67. Paragraph 67 is admitted.

68.  As to Paragraph 68, this Paragraph sets forth a statement of law to which no response is required.

69.  As to Paragraph 69, this Paragraph sets forth a statement of law to which  no response is required.

70.  As to Paragraph 70, this Paragraph is admitted with the caveat that the State Defendants have never referred to the state statutes at issue here as the "Connecticut Disclosure Statutes."

71.  As to Paragraph 71, this Paragraph is admitted with the caveat that the State Defendants have never referred to the state statutes at issue here as the "Connecticut Disclosure Statutes."

72.  Paragraph 72 is admitted.

73.  Paragraph 73 is admitted.

74.  As to Paragraph 74, this Paragraph sets forth a statement of law to which no response is required.

75.  As to Paragraph 75, the State Defendants have insufficient knowledge or belief and leave the plaintiff to its proof.

76.  As to Paragraph 76, the State Defendants have insufficient knowledge or belief and leave the plaintiff to its proof.

77.  As to Paragraph 77, the State Defendants have insufficient knowledge or belief and leave the plaintiff to its proof.  To the extent this Paragraph also contains the plaintiff's request for relief, no response is required.

## COUNT TWO

78.  As to Paragraph 78, the State Defendants have insufficient knowledge or belief and leave the plaintiff to its proof.

79.  As to Paragraph 79, this Paragraph sets forth a statement of law to which no response is required.

80.  As to Paragraph 80, this Paragraph sets forth a statement of law to which no response is required.

81.  As to Paragraph 81, this Paragraph sets forth a conclusion of law to be determined solely by the Court, to which no response is required.

82.  As to Paragraph 82, this Paragraph sets forth a statement of law to which no response is required.

83.  As to Paragraph 83, this Paragraph sets forth a statement of law to which no response is required.

84.  As to Paragraph 84, this Paragraph sets forth a statement of law to which no response is required.

85.  As to Paragraph 85, this Paragraph sets forth a conclusion of law to be determined solely by the Court, to which no response is required.  To the extent that a response is required, the State Defendants have insufficient knowledge or belief and leave the plaintiff to its proof.

86.  As to Paragraph 86, insofar as this Paragraph alleges "[a] declaration as to the legality and enforceability of the Connecticut Disclosure Statutes is needed to clarify and settle PHEAA's obligation to produce the records at issue" --  it sets forth a conclusion of law to which no

response is required.  As to the remainder of the Paragraph, the State Defendants have insufficient knowledge or belief and leave the plaintiff to its proof.

87.  As to Paragraph 87, this Paragraph sets forth a conclusion of law to be determined solely by the Court, to which no response is required.

88.  As to Paragraph 88, this Paragraph sets forth a conclusion of law to be determined solely by the Court, to which no response is required.

## COUNT THREE

89.  As to Paragraph 89, the State Defendants have insufficient knowledge or belief and leave the plaintiff to its proof.

90.  As to Paragraph 90, this Paragraph sets forth a conclusion of law to be determined solely by the Court, to which no response is required.

91.  As to Paragraph 91, this Paragraph sets forth a statement of law to which no response is required.

92.  As to Paragraph 92, this Paragraph sets forth a conclusion of law to be determined solely by the Court, to which no response is required.

93.  As to Paragraph 93, the State Defendants have insufficient knowledge or belief and leave the plaintiff to its proof.

94.  As to Paragraph 94, the Paragraph is admitted except for that portion which states "the Connecticut Disclosure Statutes purport to require servicers to make records available to the State Defendants, in some circumstances within five business days after the Commissioner's official request."

95.  As to Paragraph 95, this Paragraph is admitted insofar as it alleges there is "an impasse between the State Defendants and Federal Defendants regarding which conflicting law takes precedence." The remainder of the Paragraph sets forth a conclusion of law to be determined solely by the Court, to which no response is required.

96.  As to Paragraph 96, this Paragraph sets forth a conclusion of law to be determined solely by the Court, to which no response is required.

97.  As to Paragraph 97, this Paragraph sets forth a conclusion of law to be determined solely by the Court, to which no response is required.

98. As to Paragraph 98, this Paragraph sets forth a conclusion of law to be determined solely by the Court, to which no response is required.

## **PRAYER FOR RELIEF**

The remainder of the Complaint constitutes the plaintiff's request for relief to which no response is required.  To the extent that a response is required, the State Defendants deny the plaintiff is entitled to the relief sought with respect to them, to wit: a declaratory judgment that federal law preempts the Connecticut Disclosure Statutes, permanent injunctive relief or any other such relief against them.

DEFENDANTS,

JORGE L. PEREZ,
COMMISSIONER OF
THE CONNECTICUT DEP'T
OF BANKING, AND THE
CONNECTICUT DEP'T OF BANKING

GEORGE JEPSEN
ATTORNEY GENERAL

Joseph Chambers (ct26948)
Assistant Attorney General
Finance Dep't Head

BY:  _____/s/_____
James W. Caley (ct16768)
Assistant Attorney General
John Langmaid (ct 29770)
Assistant Attorney General
55 Elm Street
Hartford, CT  06141
Federal Bar No. ct 16768
james.caley@ct.gov
Tel: (860) 808-5450
Fax: (860) 772-1709

\

## CERTIFICATION

I hereby certify that on October 15, 2018, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

_____/s/_____
James W. Caley
Commissioner of the Superior Court

11