UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY,<br><br>Plaintiff,<br>v.<br><br>JORGE L, PEREZ, in his official capacity as Commissioner of the Connecticut Department of Banking,<br><br>the CONNECTICUT DEPARTMENT OF BANKING,<br><br>BETSY DEVOS, in her official capacity as Secretary of the United States Department Of Education,<br><br>and<br><br>the UNITED STATES DEPARTMENT OF EDUCATION,<br><br>Defendants. | CIVIL ACTION<br><br>NO. 18-cv-1114 |

**FEDERAL DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT**

On September 13, 2019, the Court granted in part and denied in part the Motion to Dismiss filed by Defendants the United States Department of Education and its Secretary, Betsy DeVos (Federal Defendants). *See* Ruling Fed. Defs.' Mot. Dismiss (Ruling), ECF No. 59. Specifically the Court dismissed Plaintiff Pennsylvania Higher Education Assistance Agency's (PHEAA) interpleader claim against Federal Defendants. *Id*. at 14. The Court also held that PHEAA otherwise "fails to allege a cause of action against the Federal Defendants over which this Court has jurisdiction." *Id*. at 15. However, the Court also concluded that PHEAA could

1

join Federal Defendants under Rule 19 "for the limited purpose of binding [them] to this Court's judgement on the preemption issue." *Id*. at 2.

Because Federal Defendants have been joined to this action "simply . . . for purposes of res judicata," *id*. at 31, and where the Court has held there are no viable claims against Federal Defendants, it is the position of Federal Defendants that they need not file an Answer to the Amended Complaint. *See, e.g.*, Fed. R. Civ. Pro. 12(b)(1) ("In responding to a pleading, a party must: (A) state . . . its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party."). However, in the event that an Answer is deemed required, Federal Defendants answer Plaintiff's Amended Complaint, ECF No. 34, as follows:

In response to the first unnumbered paragraph in the complaint, this paragraph consists of Plaintiff's characterization of this action and statement of their case to which no response is required. To the extent a response is required, on September 13, 2019, this Court dismissed Plaintiff's interpleader claim against Federal Defendants, and held that Plaintiff raised no other cause of action against Federal Defendants. *See* Ruling at 14-15.

In response to the numbered sections of the Complaint, Federal Defendants answer as follows:

1. Admit.

2. Admit.

3. Admit.

4. The first sentence purports to characterize the legal position of Federal Defendants, to which no response is required. To the extent that this sentence refers to statements made by

Federal Defendants in a letter dated April 2, 2018, *see* Am. Compl. ¶¶ 51-53, Federal Defendants respectfully refer the Court to that letter for a complete and accurate statement of its contents. The second and third sentences are admitted to the extent that Federal Defendants instructed PHEAA not to produce the documents to the Connecticut Department of Banking (Connecticut DOB) and that PHEAA has complied with this instruction.

5. Federal Defendants admit the first clause of this sentence: that they have directed that any requests for documents from the Connecticut DOB be addressed to Federal Defendants. Regarding the second clause of this sentence, Federal Defendants admit that they have not produced the documents directly to the Connecticut DOB and further aver that they have never received a request for the documents from the Connecticut DOB.

6. This paragraph consists of legal conclusions to which no response is required.

7. This paragraph consists of Plaintiff's characterization of this lawsuit and legal conclusions to which no response is required.

8. This paragraph consists of Plaintiff's characterization of this lawsuit and legal conclusions to which no response is required.

9. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

10. This paragraph consists of Plaintiff's characterization of this lawsuit and legal conclusions to which no response is required.

11. This paragraph contains a request for relief to which no response is required. To the extent a response is deemed required, Federal Defendants deny that Plaintiff is entitled to the relief requested from Federal Defendants or any relief from Federal Defendants.

12. Admit.

13. Admit.

14. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

15. Admit.

16. Admit.

17. This paragraph sets forth Plaintiff's assertions of jurisdiction and thus contains conclusions of law to which no response is required.

18. This paragraph sets forth Plaintiff's assertions of jurisdiction and thus contains conclusions of law to which no response is required.

19. Federal Defendants admit the first sentence of this paragraph. The remainder of this paragraph consists of legal conclusions to which no response is required.

20. This paragraph sets forth Plaintiff's assertions of venue and thus contains conclusions of law as to venue to which no response is required.

21. Admit.

22. Admit.

23. Admit.

24. Admit.

25. Admit.

26. Admit.

27. This paragraph consists of legal conclusions to which no response is required.

28. Admit.

29. Insofar as the Complaint does not provide a timeframe for the statistics provided in this paragraph and the Federal Defendants do not have information on private student loans serviced by PHEAA, the Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. The Federal Defendants' records indicate that, as of June 30, 2019, PHEAA services federally-owned loans for approximately 77,000 borrowers with addresses in Connecticut.

30. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

31. This paragraph consists of legal conclusions to which no response is required.

32. Admit.

33. Admit.

34. Admit.

35. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

36. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

37. Admit.

38. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

39. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

40. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

41. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

42. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

43. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

44. Admit.

45. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

46. Admit.

47. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

48. Admit.

49. Admit.

50. Admit.

51. Admit.

52. Admit.

53. Admit.

54. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

55. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

56. Admit.

57. Federal Defendants admit that the quoted material appears in the Memorandum referenced in this paragraph and respectfully refer the Court to the cited document for a full and accurate statement of its content.

58. This paragraph consists of legal conclusions to which no response is required.

59. Federal Defendants admit that the quoted material appears in the Memorandum referenced in this paragraph and respectfully refer the Court to the document for a full and accurate statement of its content.

60. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

61. Admit.

62. This paragraph consists of Plaintiff's characterization of the Notice published by Federal Defendants on March 12, 2018. Federal Defendants respectfully refer the Court to that Notice for a full and accurate statement of its contents.

63. Federal Defendants admit that the quoted material appears in the Notice referenced in this paragraph and respectfully refer the Court to the document for a full and accurate statement of its contents.

64. This paragraph consists of Plaintiff's characterization of the Notice published by Federal Defendants on March 12, 2018. Federal Defendants respectfully refer the Court to that Notice for a full and accurate statement of its contents.

65. Insofar as the terms "continually pressed" and "the same or similar positions" are undefined and vague in this context, Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

66. This paragraph incorporates by reference paragraphs 1 through 65 of the Amended Complaint. In response, Federal Defendants incorporate by reference their responses to paragraphs 1 through 65 of the Amended Complaint, as set forth above.

67-77.  These paragraphs concern Count One, Plaintiff's Interpleader Claim against all defendants.  No response to these paragraphs is required because this claim, as asserted against Federal Defendants, was dismissed by the Court on September 13, 2019.  *See* Ruling at 14 ("[T]he Federal Defendants' motion to dismiss is GRANTED as to PHEAA's claim for interpleader relief.").

The unnumbered paragraph on page 17 of the Amended Complaint sets forth PHEAA's prayer for relief concerning its Interpleader Claim, to which no response is required.  Moreover, this claim as asserted against Federal Defendants was dismissed by the Court on September 13, 2019.  *See* Ruling at 14.

78.    This paragraph incorporates by reference paragraphs 1 through 77 of the Amended Complaint.   In response, Federal Defendants incorporate by reference their responses to paragraphs 1 through 77 of the Amended Complaint, as set forth above.

79-88.  These paragraphs concern Count Two, Plaintiff's purported Declaratory Judgment (Field Preemption) claim against all defendants.  No response to these paragraphs is required, because Count Two, as asserted against Federal Defendants, was dismissed by the Court on September 13, 2019.  *See* Ruling at 15 ("PHEAA fails to allege a cause of action against the Federal Defendants over which this Court has jurisdiction; therefore, it may not seek a declaratory judgment against the Federal Defendants.").

89.    This paragraph incorporates by reference paragraphs 1 through 88 of the Amended Complaint.   In response, Federal Defendants incorporate by reference their responses to paragraphs 1 through 88 of the Amended Complaint, as set forth above.

90-98.   These paragraphs concern Count Three, Plaintiff's purported Declaratory Judgment (Conflict Preemption) claim against all defendants.  No response to these paragraphs is required, because Count Three, as asserted against Federal Defendants, was dismissed by the Court on September 13, 2019.  *See* Ruling at 15 ("PHEAA fails to allege a cause of action against the Federal Defendants over which this Court has jurisdiction; therefore, it may not seek a declaratory judgment against the Federal Defendants.").

The unnumbered paragraph on page 22 and sub-paragraphs (a)-(c) set forth PHEAA's prayer for relief concerning Counts Two and Three to which no response is required.  Moreover, these claims as asserted against Federal Defendant were dismissed by the Court on September 13, 2019.  *See* Ruling at 15.

Federal Defendants hereby deny all allegations in Plaintiff's Amended Complaint not expressly admitted or denied.

**AFFIRMATIVE DEFENSES**

1. The joinder of Federal Defendants to this action is barred by sovereign immunity.

2. Plaintiff fails to state a claim against Federal Defendants.  *See* Ruling at 22 ("PHEAA fails to allege a cause of action falling within this Court's jurisdiction.").

3. Federal Defendants may not be joined to this suit because Plaintiff has not stated a cause of action against them.

4. Plaintiff lacks Article III standing to bring suit against Federal Defendants.

5. The Court lacks subject matter jurisdiction over the action as it pertains to Federal Defendants.

Dated: September 27, 2019	Respectfully submitted,

                                                JOSEPH H. HUNT
Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

*/s/ Rebecca M. Kopplin*
REBECCA M. KOPPLIN
Trial Attorney (California Bar No. 313970)
MICHAEL DREZNER
Trial Attorney (Virginia Bar No. 83836)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C.  20005
Telephone:  (202) 514-3953
Facsimile:  (202) 616-8470
Email: Rebecca.M.Kopplin@usdoj.gov

*Counsel for Federal Defendants*