IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY,** | : <br> : CIVIL ACTION <br> : |
| Plaintiff, | : NO. 3:18-CV-01114-MPS <br> : |
| v. | : September 27, 2019 <br> : |
| **JORGE L. PEREZ**, in his official capacity as Commissioner of the Connecticut Department of Banking, | : <br> : Date Complaint Filed:  July 2, 2018 <br> : <br> : Date Complaint Served on Defendants: |
| the **CONNECTICUT DEPARTMENT OF BANKING,** | : July 9, 2018 <br> : <br> : Date of State Defendants' Appearance: |
| **BETSY DEVOS**, in her official capacity as Secretary of the United States Department of Education, | : July 23, 2018 <br> : <br> : Date of Federal Defendants' <br> : Appearance: September 7, 2018 |
| and | : <br> : |
| the **UNITED STATES DEPARTMENT OF EDUCATION,** | : <br> : <br> : |
| Defendants. | : <br> : |

### REVISED FORM 26(F) REPORT OF PARTIES' PLANNING MEETING

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a telephonic conference was held on September 20, 2019 regarding this revised Rule 26(f) Report.  The participants were John Grugan and Thomas Burke for plaintiff Pennsylvania Higher Education Assistance Agency ("PHEAA"); James Caley and John Langmaid for defendants Jorge L. Perez and the Connecticut Department of Banking (the "Connecticut DOB") (together, the "State Defendants"); and Michael Drezner and Rebecca Kopplin for defendants Betsy DeVos and the United States Department of Education ("Education") (together, the "Federal Defendants").

I.   **Certification**

A.   Undersigned counsel (after consultation with their clients) and any undersigned self-represented parties certify that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and (b) they have developed the following proposed case management plan.  Counsel further certify that they have forwarded a copy of this report to their clients.

II.   **Jurisdiction**

A.   **Subject Matter Jurisdiction**

Plaintiff's position is that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 2201 in that the Complaint asserts claims arising under the Constitution and laws of the United States, and seeks a declaration of rights and other legal relations under the Constitution and laws of the United States.  This Court has equitable jurisdiction to hear claims for declaratory and injunctive relief to enjoin unconstitutional actions by state and federal officers. *See Armstrong v. Exceptional Child Ctr., Inc.*, 135 S. Ct. 1378, 1383–84 (2015) (acknowledging that courts play "a significant role" in assessing Supremacy Clause claims and such claims are proper for consideration by courts sitting in equity); *see also Friends of E. Hampton Airport, Inc. v. Town of E. Hampton*, 841 F.3d 133, 144–45 (2d Cir. 2016) (accepting equity jurisdiction with regard to preemption claims).

Plaintiff's position is further that for the reasons stated in the Court's Opinion dated September 13, 2019, this Court has jurisdiction over the Federal Defendants as required parties under Rule 19, and that they are not protected from joinder by sovereign immunity.

The State Defendants do not contest subject matter jurisdiction.

The Federal Defendants' position is that the Court lacks subject matter jurisdiction for the reasons set forth in the Federal Defendants' Motion to Dismiss the Amended Complaint, filed on October 29, 2018.  Indeed, on September 13, 2019, this Court granted in part and denied in part Federal Defendants' Motion to Dismiss.  The Court dismissed Plaintiff's interpleader claim and held that Plaintiffs had alleged "no cause of action against the Federal Defendants that falls within this Court's jurisdiction[.]" ECF No. 59 at 14-15.  However, the Court held that Federal Defendants may be joined as required parties under Rule 19 to PHEAA's claim for declaratory judgment against the State Defendants.  Federal Defendants respectfully disagree with that ruling.  The waiver of sovereign immunity on which the Court relied, section 702 of the APA, by its own terms applies only in actions that state a claim against "an agency or an officer or employee [of the United States]", which this case does not.  Am. Compl. ¶ 19, ECF No. 34 (quoting 5 U.S.C. § 702).

B.  **Personal Jurisdiction**

Personal jurisdiction is not contested.

III. **Brief Description of Case**

A.  **Claims of Plaintiff (as described by Plaintiff only):**

PHEAA is a student loan servicer that contracts with Education to service federal student loans under the William D. Ford Federal Direct Loan Program, 20 U.S.C. § 1087a *et seq.*  Citing provisions of Connecticut law purportedly governing holders of state licenses to service student loans, the Connecticut DOB has demanded that PHEAA produce records containing the personally identifying information of federal student loan borrowers (the "Documents").  The Connecticut DOB contends that, if PHEAA declines to produce the Documents, it will be in violation of state law.

Aware of the demand of the Connecticut DOB and under its purported authority as owner of the Documents, Education contends that if PHEAA does produce the Documents, it may be in violation of both federal law and its Servicing Contract with Education (the "Contract").  On that basis, Education has expressly prohibited PHEAA from complying with the Connecticut DOB's demand to produce the Documents, asserting that state licensing law is preempted by federal law.  As a result, PHEAA finds itself caught squarely in the middle of conflicting demands by the State and Federal Defendants that: (i) require a judicial determination of the primacy of state law or federal law, and (ii) require judicial resolution of competing claims concerning access to the Documents in PHEAA's possession.  PHEAA requests all necessary and proper relief as specified at greater length in the Complaint.

B. **Defenses and Claims (Affirmative Defenses, Counterclaims, Third Party Claims, Cross Claims) (either pled or anticipated) of the State Defendants:**

The State Defendants deny that federal law preempts state banking law and request an order requiring PHEAA to comply with the state examination laws.

C. **Defenses and Claims (Affirmative Defenses, Counterclaims, Third Party Claims, Cross Claims) (either pled or anticipated) of the Federal Defendants:**

On September 13, 2019 this Court granted in part and denied in part Federal Defendants' Motion to Dismiss, dismissing Plaintiff's interpleader claim and holding that Plaintiffs had alleged "no cause of action against the Federal Defendants that falls within this Court's jurisdiction[.]" ECF No. 59 at 14-15.  Accordingly, there are no live claims in this action against Federal Defendants.  This Court ruled that Federal Defendants would be joined under Rule 19 "for the limited purpose of binding [them] to this Court's judgment on the preemption issue." *Id.*

at 2. As to that issue, it is the position of Federal Defendants that federal law preempts the Connecticut statutes purporting to require their disclosure.

        D.      **Defenses and Claims of Third Party Defendant/s:**

None.

IV.      **Statement of Undisputed Facts**

Counsel and self-represented parties certify that they have made a good-faith attempt to determine whether there are any material facts that are not in dispute. The Federal Defendants take the position that, because PHEAA has failed to state any claims against the Federal Defendants (as discussed in the Federal Defendants' motion to dismiss), none of these facts are *material* as to any claims against the Federal Defendants, but the Federal Defendants agree that the following facts are undisputed. Plaintiff and the State Defendants agree that the following material facts are undisputed:

**Complaint ¶ 21:** Under the Higher Education Act ("HEA"), Pub. L. No. 89-329, 79 Stat. 1219 (1965), and related statutes and regulations, the Department of Education has the authority to issue a variety of federal loans and grants to student borrowers. Specifically relevant here are Direct Loans, which are issued by the federal government directly to eligible student borrowers, and benefits awarded to Direct Loan borrowers under the Public Service Loan Forgiveness ("PSLF") Program, 20 U.S.C. § 1070 et seq.

**Complaint ¶ 22:** The Department of Education, rather than self-service the Direct Loans it issues, contracts with third-party servicers such as PHEAA to perform that function. 20 U.S.C. § 1087f(a).

**Complaint ¶ 30:** On May 1, 2017, PHEAA applied for a license from the Connecticut DOB to act as a student loan servicer in Connecticut, pursuant to Conn. Gen. Stat. § 36a-847(b).

PHEAA's application was approved on June 30, 2017. The Federal Defendants lack knowledge sufficient to address the facts in this paragraph.

**Complaint ¶ 32:**   On November 3, 2017, PHEAA received, via email, a letter from the Connecticut DOB informing PHEAA that it proposed to conduct a limited scope examination of PHEAA in order to "review[] all accounts transferred to [PHEAA] for the months of August, September and October, 2017 as a result of the [PSLF] [P]rogram."

**Complaint ¶ 33:**   The Connecticut DOB's November 3, 2017 letter included a "Student Loan Servicer Management Questionnaire and Information Request" (the "Request") directed to PHEAA.

**Complaint ¶ 34:**   The Request sought, inter alia, PHEAA's policies and procedures related to administering the PSLF Program, and also borrower-specific information, including certain borrower complaints.

**Complaint ¶ 35:**   PHEAA responded to the Request, via email, on November 7, 2017, seeking clarification as to the scope of both the proposed examination and the Request. The Federal Defendants lack knowledge sufficient to address the facts in this paragraph.

**Complaint ¶ 36:**   That same day, by email, the Connecticut DOB responded to PHEAA by limiting the scope of the Request in several ways—for example, the Connecticut DOB limited its request for borrower complaints to "a list of CT [complaints] either filed directly with you, through the US Dept of Education, CFPB or any other entity starting 1/1/17 through October 31, 2017 regarding PSLF transfers." The Federal Defendants lack knowledge sufficient to address the facts in this paragraph.

**Complaint ¶ 38:**   On November 9, 2017, PHEAA sought additional clarification from the Connecticut DOB and also requested information regarding the logistics of producing the

Documents and information requested. The Federal Defendants lack knowledge sufficient to address the facts in this paragraph.

**Complaint ¶ 39:** That same day, PHEAA also informed the Connecticut DOB of Education's position communicated in its November 7th email and provided contact information for Education officials to whom the Connecticut DOB could direct any further request for production of federal documents. The Federal Defendants lack knowledge sufficient to address the facts in this paragraph concerning PHEAA's communications with the Connecticut DOB on November 9, 2017.

**Complaint ¶ 41:** Also on January 11, 2018, the Connecticut DOB informed PHEAA that it would issue a direct request to Education for access to the records that the Connecticut DOB had previously sought from PHEAA.

**Complaint ¶ 42:** In a letter to the Connecticut DOB that same day, PHEAA memorialized this conversation and stated that PHEAA would "not be providing any responsive documents [or] data that are specific to [Education's Office of Federal Student Aid]." The Federal Defendants lack knowledge sufficient to address the facts in this paragraph.

**Complaint ¶ 44:** On January 12, 2018, the Connecticut DOB made a direct request to Education for access to certain records pertaining to federal student loans that PHEAA services for Education.

**Complaint ¶ 45:** PHEAA received no response from the Connecticut DOB to its January 11, 2018 letter or its accompanying production of information and documents until more than two months later, on March 21, 2018. The Federal Defendants lack knowledge sufficient to address the facts in this paragraph.

**Complaint ¶ 46:** On March 21, 2018, PHEAA received a letter from the Connecticut DOB "formally convey[ing] [their] concerns related to [the proposed] examination [of PHEAA] and [to] provide PHEAA with an opportunity to show compliance with all lawful requirements for the retention of its student loan servicer license in Connecticut pursuant to Section 4-182(c) of the Connecticut General Statutes."

**Complaint ¶ 48:** The March 21 letter stated that PHEAA's failure to produce the Documents "constitute[s] grounds to revoke PHEAA's student loan servicer license in Connecticut pursuant to Sections 36a-852 and 36a-51 of the Connecticut General Statutes and forms a basis to take other administrative action as the Commissioner deems appropriate, including, but not limited to, initiation of proceedings to order PHEAA to cease and desist and impose a civil penalty on PHEAA of up to $100,000 per violation."

**Complaint ¶ 49:** The letter concluded by stating that "[p]ursuant to Sections 4-182(c) and 36a-52 [of the Connecticut General Statutes], you are being given an opportunity to show compliance with all lawful requirements for the retention of your student loan servicer license. You must respond . . . in writing no later than April 4, 2018.  If no written response is received by that date or if the [State Defendants] find[] any such response to be insufficient, the [State Defendants] may issue an administrative action against your license."

**Complaint ¶ 50:** On March 26, 2018, Education's Office of the General Counsel denied the Connecticut DOB's January 12, 2018 request for access to certain Education records pertaining to student loan borrowers serviced by PHEAA.  Education's letter permitted the Connecticut DOB to submit a new request to Education if that request specified alternate grounds to justify its request.

**Complaint ¶ 51:**  On April 2, 2018, Linda J. Randby, Esq., PHEAA's Interim Senior Vice President of Legal and Compliance Services, received a letter from Education.  The State Defendants were copied on the letter.

**Complaint ¶ 52:**  The April 2 Education letter referenced the Connecticut DOB's March 21 letter to PHEAA requesting records, and stated that the records requested by the Connecticut DOB "belong to the federal government and PHEAA is prohibited from releasing them under its contract with [Education]."  The April 2 Education letter further stated that "[a] state agency does not have the authority to prohibit PHEAA from servicing federal student loans when the federal government has specifically authorized it to do so."

**Complaint ¶ 53:**  The April 2 Education letter concluded by stating that Education "would be willing to discuss with the [Connecticut DOB] the requirements of PHEAA's contract, so that the [Connecticut DOB] may avoid imposing requirements on PHEAA that conflict with federal law."

**Complaint ¶ 54:**  On April 2, 2018, representatives from PHEAA participated in a telephone conference with representatives from the Connecticut DOB.  During the call, the Connecticut DOB informed PHEAA that it would not rescind its demand that PHEAA provide an explanation for its alleged non-compliance with Connecticut law.  The Connecticut DOB further informed PHEAA that it would not rescind its demand for either compliance or, in the alternative, that PHEAA provide an explanation for its non-compliance with Connecticut law.  The Federal Defendants lack knowledge sufficient to address the facts in this paragraph.

**Complaint ¶ 55:**  On June 28, 2018, the Connecticut DOB agreed, while the instant litigation is pending and in the absence of a material change in applicable law or facts, to refrain from pursuing a suspension of PHEAA's license to service student loans in Connecticut based on

the alleged violations detailed in its March 21 letter or substantively similar alleged violations based on substantively similar past or future conduct. The Federal Defendants lack knowledge sufficient to address the facts in this paragraph.

**Complaint ¶¶ 56–57, 59–60:** Education, through Patrick A. Bradfield, the Director of Federal Student Aid Acquisitions, released a public memorandum on December 27, 2017, regarding ownership of and access to Education records and data (the "Education Memorandum"). The contents of the Education Memorandum are not disputed. During the first week of January 2018, PHEAA shared the Education Memorandum with the Connecticut DOB.

**Complaint ¶¶ 61–64:** Education later published a notice entitled "Federal Preemption and State Regulation of the Department of Education's Federal Student Loan Programs and Federal Student Loan Servicers" (the "Preemption Notice"). See 83 Fed. Reg. 10619 (dated Mar. 12, 2018). The contents of the Preemption Notice are not disputed.

V.   **Case Management Plan:**

   A.   **Initial Disclosures**

   The parties jointly submit that initial disclosures be exchanged by October 11, 2019.

   B.   **Scheduling Conference**

      1.   The parties request to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

      2.   The parties prefer that a scheduling conference, if held, be conducted by telephone.

  C. **Early Settlement Conference**

    1. The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

    2. The parties do not request an early settlement conference.

    3. The parties prefer a settlement conference, when such a conference is held, with a magistrate judge.

    4. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

  D. **Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings**

The parties have discussed any perceived defects in the pleadings and have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings.

    1. Motions to join additional parties or to amend the pleadings filed by Plaintiff from this date forward will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

    2. Motions to join additional parties or to amend the pleadings filed by any Defendant from this date forward will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

  E. **Discovery**

    a. Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery

11

permitted under Fed. R. Civ. P. 26(b)(1). At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case":

**Plaintiff's Position**: At this time, Plaintiff expects that this case will require no discovery.

**State Defendants' Position (if different)**: At this time, the State Defendants expect that this case will require no discovery.

**Federal Defendants' Position (if different)**: At this time, the Federal Defendants expect that this case will require no discovery.

    b. N/A

    c. Because the parties agree that no discovery is necessary, the parties propose that no joint discovery plan or discovery completion date is necessary.

 F. **Other Scheduling Issues**

The parties propose the following schedule for addressing other issues pertinent to this case [e.g., class certification, claim construction]: N/A.

 G. **Summary Judgment Motions:**

The parties jointly submit that this case involves legal issues which can be resolved on summary judgment. Any summary-judgment motions will be filed by the State Defendants on or before November 20, 2019. Any responses, cross-motions for summary judgment, or statement of interest will be filed by PHEAA and the Federal Defendants on or before December 20, 2019. Any reply and any response to a cross-motion will be filed by the State Defendants on or before January 10, 2020. Any sur-reply in opposition to the State Defendants' motion, reply in support of their own motion for summary judgment, or supplemental statement of interest will be filed by PHEAA and the Federal Defendants on or before January 31, 2020.

H.  **Joint Trial Memorandum**

Although the parties believe this case can be resolved on summary judgment, if the Court believes a joint trial memorandum would be helpful, the parties would jointly propose a filing date of March 9, 2020.

VI. **TRIAL READINESS**

Although the parties believe this case can be resolved on summary judgment, if the Court believes a trial date would be helpful, the parties jointly submit that the case will be ready for trial by April 6, 2020.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Plaintiff

By /s/ Thomas F. Burke        Date: September 27, 2019

State Defendants

By /s/ James W. Caley         Date: September 27, 2019

Federal Defendants

By /s/ Rebecca Kopplin        Date: September 27, 2019

| | |
|---|---|
| Dated:  September 27, 2019 | /s/ Thomas F. Burke |

John C. Grugan (admitted *pro hac vice*)
 gruganj@ballardspahr.com
Burt M. Rublin (*admitted pro hac vice*)
 rublinb@ballardspahr.com
Thomas F. Burke (*admitted pro hac vice*)
 burket@ballardspahr.com
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Telephone: (215) 665-8500
Facsimile: (215) 864-8999

David A. Schulz (CT #439467)
 schulzd@ballardspahr.com
**BALLARD SPAHR LLP**
1675 Broadway, 19th Floor
New York, NY 10019
Telephone: (212) 850-6103
Facsimile: (212) 223-1942

*Attorneys for Plaintiff Pennsylvania Higher Education Assistance Agency*

Dated:  September 27, 2019

JOSEPH H. HUNT
Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

/s/ Rebecca Kopplin
REBECCA M. KOPPLIN
Trial Attorney (California Bar No. 313970)
MICHAEL DREZNER
Trial Attorney (V.A. Bar No. 83836)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L. St. NW
Washington, D.C.  20005
Telephone:  (202) 514-3953
Facsimile:  (202) 616-8202
Email: Rebecca.M.Kopplin@usdoj.gov

*Counsel for Federal Defendants*

GEORGE JEPSEN
ATTORNEY GENERAL
Joseph Chambers (ct26948)
Assistant Attorney General
Finance Dep't Head

/s/ James W. Caley
James W. Caley (ct16768)
Assistant Attorney General
John Langmaid (ct29770)
Assistant Attorney General
55 Elm Street
Hartford, CT 06141
james.caley@ct.gov
Tel: (860) 808-5450
Fax: (860) 772-1709

*Attorneys for Defendants Jorge L. Perez and the Connecticut Department of Banking*

15