IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY,** | : | **CIVIL ACTION** |
| | : | |
| Plaintiff, | : | NO. 3:18-CV-01114-MPS |
| | : | |
| v. | : | November 20, 2019 |
| | : | |
| **JORGE L. PEREZ, COMMISSIONER OF THE CONNECTICUT DEPARTMENT OF BANKING, THE CONNECTICUT DEPARTMENT OF BANKING, BETSY DEVOS, SECRETARY OF THE UNITED STATES DEPARTMENT OF EDUCATION, and THE UNITED STATES DEPARTMENT OF EDUCATION,** | : : : : : : : : | |
| | : | |
| Defendants. | : | |

**LOCAL RULE 56(A)1 STATEMENT OF UNDISPUTED MATERIAL FACTS
IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to D. Conn. L. Civ. R. 56(a)1, Plaintiff Pennsylvania Higher Education Assistance Agency ('PHEAA'), by its undersigned counsel, submits the following undisputed material facts in support of its Motion for Summary Judgment:

1. Under the Higher Education Act ('HEA'), Pub. L. No. 89-329, 79 Stat. 1219 (1965), and related statutes and regulations, the Department of Education ('Education') has the authority to issue a variety of federal loans and grants to student borrowers. Specifically relevant here are Direct Loans, which are issued by the federal government directly to eligible student borrowers, and benefits awarded to Direct Loan borrowers under the Public Service Loan Forgiveness ('PSLF') Program, 20 U.S.C. § 1070 et seq. Revised Form 26(f) Report of Parties' Planning Meeting (ECF No. 62 at 5; hereinafter, "Form 26(f)").

2. Education, rather than self-service the Direct Loans it issues, contracts with third-party servicers such as PHEAA to perform that function. *Id.* (citing 20 U.S.C. § 1087f(a)).

3. In 2009, PHEAA was selected by Education to service federal loans on a national basis. Aff. of James J. Jarecki, Esq., Ex. A (PHEAA Contract with Education; hereinafter, 'Contract'), at cover page.

4. PHEAA's Contract with Education governs PHEAA's servicing of loans owned by Education. *See generally*, Contract.

5. The Contract requires that PHEAA "meet all statutory and legislative requirements." *Id.*, Att. A-1, at 3.

6. The Contract specifies 124 enumerated obligations for PHEAA, many with dozens of sub-requirements. *Id.* at 3-18.

7. Education carefully monitors PHEAA's performance under the Contract through annual audits, program compliance reviews, and quarterly monitoring reviews of PHEAA's loan servicing practices. *Id.* at 7.

8. The Contract, in reference to PHEAA's servicing activity on Education's behalf, provides:

> It is understood and mutually agreed that the Department of Education has exclusive ownership of all information stored in, retrieved, modified, and/or archived in as part of this service. [PHEAA] shall have no rights in such information and no rights to such information shall vest on [PHEAA] by virtue of its performance of this contract. No other party has the right to copy, delete, archive, or transfer such information without the prior express written consent of the Department of Education.

*Id.* at 20.

9. The Contract further requires PHEAA "to comply with Federal and [Education] records management policies, including those policies associated with the safeguarding of records covered by the Privacy Act of 1974." *Id.* at Att. A-2, at 11-12.

10. PHEAA currently services federal and private student loans for approximately 85,000 borrowers residing in the State of Connecticut. Approximately 78,000 of those borrowers have federal student loans owned by Education. Aff. of James J. Jarecki, Esq. ¶ 4.

11. On May 1, 2017, PHEAA applied for a license from the Connecticut Department of Banking ('CT DOB'; together with Defendant Commissioner Perez, the 'State Defendants') to act as a student loan servicer in Connecticut, pursuant to Conn. Gen. Stat. § 36a-847(b). PHEAA's application was approved on June 30, 2017. Form 26(f) at 5-6.

12. On November 3, 2017, PHEAA received, via email, a letter from the CT DOB informing PHEAA that it proposed to conduct a limited scope examination of PHEAA in order to "review[] all accounts transferred to [PHEAA] for the months of August, September and October, 2017 as a result of the [PSLF] [P]rogram." *Id.* at 6.

13. The CT DOB's November 3, 2017 letter included a "Student Loan Servicer Management Questionnaire and Information Request" (the "Request") directed to PHEAA. *Id.*

14. The Request sought, *inter alia*, PHEAA's policies and procedures related to administering the PSLF Program, and also borrower-specific information, including certain borrower complaints. *Id.*

15. PHEAA responded to the Request, via email, on November 7, 2017, seeking clarification as to the scope of both the proposed examination and the Request. *Id.*

16. On November 7, 2017, by email, the CT DOB responded to PHEAA by limiting the scope of the Request in several ways—for example, the Connecticut DOB limited its request for borrower complaints to "a list of CT [complaints] either filed directly with you, through the US Dept of Education, CFPB or any other entity starting 1/1/17 through October 31, 2017 regarding PSLF transfers." *Id.*

3

17. On November 7, 2017, PHEAA received an email from Education containing an express directive from Education's Office of Federal Student Aid admonishing PHEAA that it was prohibited under federal law from releasing any data or documentation related to PSLF to the CT DOB. Aff. of James J. Jarecki, Esq., Ex. B.

18. On November 9, 2017, PHEAA sought additional clarification from the CT DOB and also requested information regarding the logistics of producing the Documents and information requested. Form 26(f) at 6-7.

19. That same day, PHEAA also informed the CT DOB of Education's position communicated in a November 7th email and provided contact information for Education officials to whom the CT DOB could direct any further request for production of federal documents. *Id.* at 7.

20. On January 11, 2018, the CT DOB informed PHEAA that it would issue a direct request to Education for access to the records that the CT DOB had previously sought from PHEAA. *Id.*

21. In a letter to the CT DOB that same day, PHEAA memorialized this conversation and stated that PHEAA would "not be providing any responsive documents [or] data that are specific to [Education's Office of Federal Student Aid]." *Id.*

22. On January 12, 2018, the CT DOB made a direct request to Education for access to certain records pertaining to federal student loans that PHEAA services for Education. *Id.*

23. PHEAA received no response from the CT DOB to its January 11, 2018 letter or its accompanying production of information and documents until more than two months later, on March 21, 2018. *Id.*

4

24. On March 21, 2018, PHEAA received a letter from the CT DOB "formally convey[ing] [their] concerns related to [the proposed] examination [of PHEAA] and [to] provide PHEAA with an opportunity to show compliance with all lawful requirements for the retention of its student loan servicer license in Connecticut pursuant to Section 4-182(c) of the Connecticut General Statutes." *Id.* at 8.

25. The letter also asserted that PHEAA had failed to produce "numerous" records sought in the Request in violation of several provisions of Connecticut law (collectively, the "Connecticut Disclosure Statutes"), including Conn. Gen. Stat. §§ 36a-17, 36a-849, and 36a-851. Excerpt of State Defendants' Production Accompanying Initial Disclosures (attached hereto as Exhibit A), at 000237-240.

26. The March 21 letter stated that PHEAA's failure to produce the Documents "constitute[s] grounds to revoke PHEAA's student loan servicer license in Connecticut pursuant to Sections 36a-852 and 36a-[8]51 of the Connecticut General Statutes and forms a basis to take other administrative action as the Commissioner deems appropriate, including, but not limited to, initiation of proceedings to order PHEAA to cease and desist and impose a civil penalty on PHEAA of up to $100,000 per violation." Form 26(f) at 8.

27. The letter concluded by stating that "[p]ursuant to Sections 4-182(c) and 36a-52 [of the Connecticut General Statutes], you are being given an opportunity to show compliance with all lawful requirements for the retention of your student loan servicer license. You must respond . . . in writing no later than April 4, 2018. If no written response is received by that date or if the [State Defendants] find[] any such response to be insufficient, the [State Defendants] may issue an administrative action against your license." *Id.*

28.     On March 26, 2018, Education's Office of the General Counsel denied the CT DOB's January 12, 2018 request for access to certain Education records pertaining to student loan borrowers serviced by PHEAA.  Education's letter permitted the CT DOB to submit a new request to Education if that request specified alternate grounds to justify its request.  *Id.*

29.     On April 2, 2018, Linda J. Randby, Esq., PHEAA's Interim Senior Vice President of Legal and Compliance Services, received a letter from Education.  The State Defendants were copied on the letter.  *Id.* at 9.

30.     The April 2 Education letter referenced the CT DOB's March 21 letter to PHEAA requesting records, and stated that the records requested by the CT DOB "belong to the federal government and PHEAA is prohibited from releasing them under its contract with [Education]."  The April 2 Education letter further stated that "[a] state agency does not have the authority to prohibit PHEAA from servicing federal student loans when the federal government has specifically authorized it to do so."  *Id.*

31.     The April 2 Education letter concluded by stating that Education "would be willing to discuss with the [CT DOB] the requirements of PHEAA's contract, so that the [CT DOB] may avoid imposing requirements on PHEAA that conflict with federal law."  *Id.*

32.     On April 2, 2018, representatives from PHEAA participated in a telephone conference with representatives from the CT DOB.  During the call, the CT DOB informed PHEAA that it would not rescind its demand for either compliance or, in the alternative, that PHEAA provide an explanation for its non-compliance with Connecticut law.  *Id.*

33.     On June 28, 2018, the CT DOB agreed, while the instant litigation is pending and in the absence of a material change in applicable law or facts, to refrain from pursuing a suspension of PHEAA's license to service student loans in Connecticut based on the alleged

violations detailed in its March 21 letter or substantively similar alleged violations based on substantively similar past or future conduct. *Id.* at 9-10.

34. Education, through Patrick A. Bradfield, the Director of Federal Student Aid Acquisitions, released a public memorandum on December 27, 2017, regarding ownership of and access to Education records and data (the "Education Memorandum"). The contents of the Education Memorandum, attached hereto as Exhibit B, are not disputed. During the first week of January 2018, PHEAA shared the Education Memorandum with the CT DOB. *Id.* at 10.

35. Education later published a notice entitled "Federal Preemption and State Regulation of the Department of Education's Federal Student Loan Programs and Federal Student Loan Servicers" (the "Preemption Notice"). The contents of the Preemption Notice are not disputed. *Id.* at 10 (citing 83 Fed. Reg. 10619 (dated Mar. 12, 2018)).

Dated:  November 20, 2019	Respectfully submitted,


*/s/ John C. Grugan*
John C. Grugan (admitted *pro hac vice*)
 gruganj@ballardspahr.com
Burt M. Rublin (*admitted pro hac vice*)
 rublinb@ballardspahr.com
Thomas F. Burke (*admitted pro hac vice*)
 burket@ballardspahr.com
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: (215) 665-8500
Facsimile: (215) 864-8999


David A. Schulz (CT #439467)
schulzd@ballardspahr.com
**BALLARD SPAHR LLP**
1675 Broadway, 19th Floor
New York, NY 10019
Telephone: (212) 850-6103
Facsimile: (212) 223-1942

*Attorneys for Plaintiff Pennsylvania Higher Education Assistance Agency*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of November, 2019 I electronically filed the foregoing LOCAL RULE 56(A)1 STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

*/s/ John C. Grugan*
John C. Grugan