**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY,** | : |
| | : **CIVIL ACTION** |
| | : |
| **Plaintiff,** | : **NO. 3:18-CV-01114-MPS** |
| | : |
| **v.** | : **November 20, 2019** |
| | : |
| **JORGE L. PEREZ, COMMISSIONER OF THE CONNECTICUT DEPARTMENT OF BANKING, THE CONNECTICUT DEPARTMENT OF BANKING, BETSY DEVOS, SECRETARY OF THE UNITED STATES DEPARTMENT OF EDUCATION, and THE UNITED STATES DEPARTMENT OF EDUCATION,** | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| **Defendants.** | : |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF THE COURT'S
<u>SUBJECT MATTER JURISDICTION OVER THE FEDERAL DEFENDANTS</u>**

**ORAL ARGUMENT REQUESTED**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.    Introduction ........................................................................................................... 1

II.   Argument ............................................................................................................... 2

      A.    PHEAA's Request for Declaratory Relief Against the Federal Defendants For Res Judicata Protection Satisfies the "Claim" Requirement of Section 702 of the APA ................................................................................................ 2

      B.    Alternatively, Joinder of the Federal Defendants for the Purpose of Res Judicata Protection Is Not a Suit 'Against the Sovereign,' So Sovereign Immunity Does Not Apply in the First Instance. ................................................... 8

III.  Conclusion ........................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Adeleke v. United States*,
355 F.3d 144 (2d Cir. 2004)........................................................................................9

*Brown v. Gen. Servs. Admin.*,
507 F.2d 1300 (2d Cir. 1974) *aff'd sub nom. Brown v. GSA*, 425 U.S. 820
(1976)........................................................................................................................9

*Channer v. Murray*,
247 F. Supp. 2d 182 (D. Conn. 2003).......................................................................9

*Dugan v. Rank*,
372 U.S. 609 (1963)..............................................................................................8, 10

*EEOC v. Peabody W. Coal Co.*,
610 F.3d 1070 (9th Cir. 2010) ........................................................................2, 3, 4, 7

*Land v. Dollar*,
330 U.S. 731 (1947)..............................................................................................8, 10

*Larson v. Domestic & Foreign Commerce Corp.*,
337 U.S. 682 (1949)..............................................................................................9, 10

*O'Leary v. Moyer's Landfill, Inc.*,
677 F. Supp. 807 (E.D. Pa. 1988) ......................................................................5, 6, 7

*Panola Land Buyers Asso. v. Shuman*,
762 F.2d 1550 (11th Cir. 1985) ...............................................................................8

*Posey v. U.S. Dep't of the Treasury - IRS*,
156 B.R. 910 (W.D.N.Y. 1993) ...............................................................................9

*Sierra Club v. Hodel*,
848 F.2d 1068 (10th Cir. 1988), *partially overruled on other grounds*, *Village
of Los Ranchos De Albuquerque v. Marsh*, 956 F.2d 970 (10th Cir. 1992) .........................2, 7

*U.S. EPA v. GE*,
197 F.3d 592 (2d Cir. 1999)........................................................................................9

*Estate of Watson v. Blumenthal*,
586 F.2d 925 (2d Cir. 1978)........................................................................................8

**Federal Statutes**

5 U.S.C. § 702 .................................................................................................... *passim*

28 U.S.C. § 1331 ............................................................................................................7

**Rules**

Federal Rule of Civil Procedure 14(a) ............................................................................3

Federal Rule of Civil Procedure 19 ................................................................... *passim*

I.      **Introduction**

This Court ordered briefing concerning whether sovereign immunity attaches or is waived where the federal government is a necessary party under Federal Rule of Civil Procedure 19, but no cause of action stands against it.   This Court has already ruled that the U.S. Department of Education (Education) and Secretary Betsy DeVos (collectively, the Federal Defendants) are necessary parties to this litigation under Federal Rule of Civil Procedure 19(a)(1)(B)(ii) because of the "substantial risk" to plaintiff Pennsylvania Higher Education Assistance Agency (PHEAA) "of incurring inconsistent obligations" to the State Defendants[1] and Federal Defendants.  Court's Ruling on Federal Defendants' Motion to Dismiss (hereinafter, 'Ruling;' ECF No. 59) at 27.

In its Ruling, this Court expressed disagreement with the suggestion made by the Federal Defendants in a footnote in their brief in support of their motion to dismiss that "federal sovereign immunity bars the claims against them."  Ruling at 28.  Instead, the Court correctly ruled that the Federal Defendants "are not protected from joinder by sovereign immunity."  *Id.* at 31.  *See also id.* at 30 ("the general waiver of sovereign immunity under Section 702 of the APA applies and the suit may proceed" against the Federal Defendants).

This Court's prior ruling that "a suit for declaratory relief may proceed against the Federal Defendants" (*id.* at 30) was correct.  As this Court recognized, PHEAA is seeking a declaratory judgment that "will simply bind the Federal Defendants to the preemption determination" made by this Court, *id.* at 31, thus "bind[ing] them for purposes of res judicata,

---

[1]      "State Defendants" refers, collectively, to the Connecticut Department of Banking (CT DOB) and its Commissioner, Jorge L. Perez.

preclud[ing] them from bringing a collateral challenge to the judgment, and furnish[ing] a preclusion defense to PHEAA in any lawsuit by Education to terminate the contract." *Id.* at 27.

The foregoing relief sought by PHEAA satisfies the requirement of Section 702 of the Administrative Procedures Act (APA), 5 U.S.C. § 702, to "stat[e] a claim" against a federal agency,[2] and thus sovereign immunity is waived. In the alternative, if PHEAA's request for declaratory relief against the Federal Defendants in order to gain the protection of res judicata is not deemed a "claim," then sovereign immunity is not implicated in the first place.

## II.    Argument

### A.    PHEAA's Request for Declaratory Relief Against the Federal Defendants For Res Judicata Protection Satisfies the "Claim" Requirement of Section 702 of the APA

This Court has already relied upon cases making clear that parties may be joined as necessary under Rule 19 for the purposes of res judicata protection alone, even if no claim is or can be stated against them. *See* Ruling at 23, citing *EEOC v. Peabody W. Coal Co.*, 610 F.3d 1070 (9th Cir. 2010) (*Peabody 2010*); *Sierra Club v. Hodel*, 848 F.2d 1068 (10th Cir. 1988), *partially overruled on other grounds*, *Village of Los Ranchos De Albuquerque v. Marsh*, 956 F.2d 970 (10th Cir. 1992)).

The *Peabody 2010* case is highly instructive here on the sovereign immunity issue as well. In that case, "the Equal Employment Opportunity Commission ('EEOC') brought suit

---

[2]    Section 702 of the APA (5 U.S.C. § 702) provides, in pertinent part:

> An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. The United States may be named as a defendant in any such action . . . .

against Peabody Western Coal Company for Title VII violations, alleging that it discriminated against non-Navajo Native Americans in hiring workers at the coal mines it had leased from the Navajo Nation. Peabody's leases with the Nation included provisions requiring that preference in employment be given to members of the Nation. The Department of the Interior approved the leases and both the Nation and the Secretary of the Interior retained the power to cancel them." Ruling at 26.

After the Ninth Circuit's 2005 ruling that the Navajo Nation could be joined as a necessary party under Rule 19, the Court's 2010 ruling agreed with the Navajo Nation and Peabody Coal that the Secretary of the Interior was a necessary and indispensable party. 610 F.3d at 1081-82. However, the Court found that the EEOC lacked the statutory authority to join the Secretary as a defendant pursuant to Rule 19. *Id.* at 1083. Nevertheless, the Court held that the Secretary could be brought into the action by impleader complaints by the Navajo Nation and Peabody Coal under Federal Rule of Civil Procedure 14(a). *Id*. at 1086-87.

The exact same res judicata concerns that this Court described in its Ruling with respect to PHEAA were also emphasized by the Ninth Circuit in *Peabody 2010*:

> It would be similarly unfair if the district court were to grant an injunction requiring Peabody to disregard the preference provision, but leaving the Secretary free, despite the court's holding, to insist that Peabody comply with it.
>
> The same is true, though to a lesser extent, for the Nation. As we held in *Peabody II*, EEOC can obtain neither damages nor injunctive relief against the Nation. But if the district court holds that the employment preference provision violates Title VII, the Nation will be bound to that result by res judicata. **If the Secretary is not made a party to the suit, he may ignore the court's judgment and place conflicting demands upon the Nation who will be required by res judicata to honor the judgment.**

\*      \*      \*

> If the Secretary is not made a party and if EEOC prevails, the
> Secretary may choose to cancel the leases or to modify them to
> eliminate the Navajo employment preference.  Alternatively, the
> Secretary may choose to continue the leases in their current form,
> **ignoring the judgment in the case to which he has not been
> made a party**.  If the Secretary chooses to do this, he will put both
> Peabody and the Nation "between the proverbial rock and a hard
> place[.]"

*Id*. at 1080-81, 1082 (emphasis added).

Significantly, in *Peabody 2010*, the Ninth Circuit held that sovereign immunity did not

bar third-party complaints against the Secretary for prospective relief so that the Navajo Nation

and Peabody Coal could obtain the protection of res judicata insofar as the Secretary was

concerned.  *Id.* at 1085-87.  The Court of Appeals stressed that "[p]rospective relief requiring, or

having the effect of requiring, governmental officials to obey the law has long been available.

Sovereign immunity does not bar such relief."  *Id.* at 1085.  *See also id*. at 1086 ("under § 702 of

the APA, as would be the case under the *Ex parte Young* fiction, either Peabody or the Nation

may assert a claim against the Secretary requesting injunctive or declaratory relief.  We therefore

conclude that neither Peabody nor the Nation is barred by sovereign immunity from bringing a

third party complaint seeking prospective relief against the Secretary.").

The *Peabody 2010* opinion concluded as follows:

> We conclude that prospective relief in the form of an injunction or declaratory
> judgment is available in a Rule 14(a) impleader against the Secretary.  Such
> prospective relief against the Secretary is enough to protect Peabody and the
> Nation, both with respect to EEOC's request for injunctive relief against Peabody
> and with respect to any res judicata effect against the Nation.  Such relief would
> also protect the Secretary because, once brought in as a third-party defendant, he
> will be able to defend his position on the legality of the leases.

*Id.* at 1087.

4

The exact same reasoning applies in this case as well.  Here, too, PHEAA has properly sought declaratory relief against the Federal Defendants in order to "bind them for purposes of res judicata, preclude them from bringing a collateral challenge to the judgment, and furnish a preclusion defense to PHEAA in any lawsuit by Education to terminate the contract."  Ruling at 27.  Just as sovereign immunity did not preclude Peabody Coal and the Navajo Nation from seeking prospective relief against the Secretary of the Interior in order to obtain the protection of res judicata, it does not bar PHEAA from doing so against the Federal Defendants in this case, either.  Also, just as in *Peabody 2010*, the Federal Defendants' inclusion in this case will afford them the opportunity to "defend [their] position" on the preemption issue that gave rise to this lawsuit in the first place.

PHEAA's request for declaratory relief against the Federal Defendants for purposes of obtaining res judicata protection constitutes a "claim" under Section 702 of the APA.  Binding the Federal Defendants through res judicata is similar enough to a claim for declaratory or injunctive relief to satisfy the spirit and purpose of Section 702, which is to "afford a legal remedy for every wrong."  *O'Leary v. Moyer's Landfill, Inc.*, 677 F. Supp. 807, 818 (E.D. Pa. 1988) (quoting S. Rep. No. 752, 79th Cong. 1st Sess. 7 (1945)).  Unless Section 702 is read broadly, according to its spirit and purpose, PHEAA will be left completely exposed to the Federal Defendants' whims should this Court decide that the Connecticut Disclosure Statutes are not preempted by federal law.

Other federal courts have held that sovereign immunity does not apply under similar circumstances.  In *O'Leary*, the court determined that the waiver of sovereign immunity in Section 702 was broad enough to allow the Environmental Protection Agency (EPA) to be joined as a necessary party to be bound by the enforcement of a consent decree, even though the EPA

was not a party to the consent decree. *Id.* at 814-15. The case began with a citizen suit against the owners and operators of a hazardous waste site that had contaminated a local water supply. *Id.* at 809-10. The court entered a consent decree appointing a Receiver to take possession of the landfill and awarding a judgment against the owner-operators, all for the purpose of closing the landfill. *Id.* at 810. Shortly thereafter, Congress enacted the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (CERCLA), giving the EPA certain powers of remediation on its own initiative that covered the site. *Id.* at 811. The Receiver pursued a plan under the consent decree to remediate and close the site, and the EPA simultaneously pursued its own remediation plan under CERCLA. *Id.* at 811-812. Negotiations to implement a single, joint remediation plan fell apart, leading the Receiver to move to enforce the consent decree. *Id.* at 812-813.

In its enforcement motion, the Receiver sought to join the EPA as a necessary party under Rule 19, even though the EPA was not a party to the consent decree. *Id.* at 813. The EPA opposed the motion, claiming that: (1) under CERCLA, the EPA had exclusive authority over the site that deprived the court of jurisdiction to enforce the consent decree, *id.* at 813-14; and (2) it was "protected from inclusion in [the] action by sovereign immunity," *id.* at 818. The court found that the "EPA's joinder [as a defendant] is necessary under rule 19(a)(2)(ii) to relieve the Receiver of the risk of inconsistent obligations." *Id.* at 814. Furthermore, concerning subject matter jurisdiction, the court found its "jurisdiction regarding the landfill to be broad enough to allow [it] to grant the Receiver's request to join EPA as a party for the purposes of considering her motion for enforcement of the Consent Decree." *Id.* at 815. Finally, the court overruled the EPA's sovereign immunity defense, finding waiver under 5 U.S.C. § 702:

> As the Senate Report makes clear, this waiver of sovereign immunity is broad:
> the Administrative Procedure Act was "designed to afford a legal remedy for

> every wrong."  S. Rep. No. 752, 79th Cong. 1st Sess. 7 (1945).  The APA
> remits the [EPA] to other available defenses, thereby promising to "provide a
> much more rational basis for controlling unnecessary judicial interference in
> administrative decisions than does the defense of sovereign immunity."  H. R.
> Rep. No. 1656, 94th Cong. 2d Sess. 4 - 5, reprinted in 1976 U. S. Cong. Code
> & Admin. News at 6121, 6124 - 25.  Given the availability of other defenses
> that rely more frankly on factors relevant to the allocation of the functions
> between the courts and administrative agencies, Congress understood that,
> under the APA, "the policy against indiscriminate judicial interference with
> Government action would not be abandoned by eliminating the defense of
> sovereign immunity."  *Id.*  *See id.*, H. R. Rep. at 25, USCCAN at 6145, Exhibit
> C (letter of May 10, 1976 from Antonin Scalia, Assistant Attorney General, to
> Senator Edward M. Kennedy, Chairman, Subcommittee on Administrative
> Practice and Procedure).

*O'Leary*, 677 F. Supp. at 818.

Despite their factual differences, the procedural and jurisdictional similarities between *O'Leary* and the instant case argue forcefully for exercise of subject matter jurisdiction over the Federal Defendants.  The Receiver in *O'Leary* faced, and PHEAA faces, the imminent threat of incurring inconsistent obligations, due in part to the federal government's insistence on its exclusive authority to administer a special subject area under federal law—whether remediating hazardous waste sites or servicing the Direct Loan Program.  In both cases, the plaintiff cannot receive complete relief unless the federal actors are bound by the court's judgment, even though the federal actors are not parties to the immediate relief sought by the plaintiff.  Furthermore, similar to the breadth of the *O'Leary* court's equitable jurisdiction to join the EPA for enforcement of the consent decree, this Court's equitable jurisdiction over PHEAA's preemption claims is broad enough, under 28 U.S.C. § 1331, to join the Federal Defendants so that they too may be bound by the Court's preemption determination.  *See, e.g.*, *Peabody 2010*, 610 F.3d 1070; *Sierra Club*, 848 F.2d 1068.  In such circumstances, the court in *O'Leary* emphasized Congress's intent that the waiver of sovereign immunity embodied in Section 702 should also be read broadly, so that no wrong—or threatened wrong—involving the federal government will be

without a remedy.  And this Court has already ruled that PHEAA cannot be afforded complete relief unless the Federal Defendants remain joined.  *See* Ruling at 25-27.

Therefore, given the unique circumstances facing PHEAA, this Court should continue to adhere to its prior Ruling that subject matter jurisdiction exists over the Federal Defendants.

**B.**     **Alternatively, Joinder of the Federal Defendants for the Purpose of Res Judicata Protection Is Not a Suit 'Against the Sovereign,' So Sovereign Immunity Does Not Apply in the First Instance.**

In the alternative, PHEAA submits that if obtaining res judicata protection does not function as a "claim" against the Federal Defendants under Section 702 of the APA, then their joinder does not violate the doctrine of sovereign immunity.  PHEAA seeks no expenditure of funds from the federal treasury, does not seek to interfere with public administration, and does not seek to compel or prohibit action by the federal government.  In the event that PHEAA is not maintaining a cause of action against the sovereign, no sovereign immunity attaches in the first place, and this Court has subject matter jurisdiction.

"In analyzing the use of any sovereign immunity defense, the first question is whether the doctrine applies at all:  Is the action a suit against the United States as a sovereign?  The answer is obtained by examining the nature of the relief which may be provided."  *Panola Land Buyers Asso. v. Shuman*, 762 F.2d 1550, 1555 (11th Cir. 1985) (citing *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 687 n.6 (1949)).  "The general rule is that a suit is against the sovereign if 'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration,' *Land* v. *Dollar*, 330 U.S. 731, 738 (1947), or if the effect of the judgment would be 'to restrain the Government from acting, or to compel it to act.'"  *Dugan v. Rank*, 372 U.S. 609, 620 (1963) (citing *Larson*, 337 U.S. at 704; *Ex parte New York*, 256 U.S. 490, 502 (1921)).  *See also Estate of Watson v. Blumenthal*, 586 F.2d 925, 930 n.8 (2d Cir. 1978) (same).

A judgment "expend[s] itself on the treasury" where the plaintiff seeks a monetary judgment against the federal government.  *See Posey v. U.S. Dep't of the Treasury - IRS*, 156 B.R. 910, 919 (W.D.N.Y. 1993) (finding the treasury affected where plaintiff-appellant sought tax refund as result of lawsuit); *Brown v. Gen. Servs. Admin.*, 507 F.2d 1300, 1307 (2d Cir. 1974) ("[D]emands for promotion and back pay fall within the scope of this immunity as they necessarily involve expenditures from the Treasury and compel the exercise of administrative discretion in an official personnel area."), *aff'd sub nom. Brown v. GSA*, 425 U.S. 820 (1976). *See also Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir. 2004) (reasoning that sovereign immunity precludes suit for "'an award of money damages'" (quoting *Lane v. Pena*, 518 U.S. 187, 196 (1996)); *Channer v. Murray*, 247 F. Supp. 2d 182, 187 (D. Conn. 2003) ("Generally, a suit for recovery of money may not be maintained against the state itself, or against any agency or department of the state, unless the state has waived its sovereign immunity under the Eleventh Amendment.").

Prototypically, a proceeding would restrain or compel government action where injunctive or mandatory relief is sought.  *See, e.g.*, *Larson*, 337 U.S. at 704 ("[I]t is one thing to provide a method by which a citizen may be compensated for a wrong done to him by the Government.  It is a far different matter to permit a court to exercise its compulsive powers to restrain the Government from acting, or to compel it to act.") (finding sovereign immunity defense applicable where plaintiff sought injunction for specific performance on a contract with the War Assets Administration)).  *See also U.S. EPA v. GE*, 197 F.3d 592, 597 (2d Cir. 1999) (finding compulsory action where plaintiff sought enforcement of subpoena served on the Environmental Protection Agency).

Finally, "interfere[nce] with the public administration," *Land*, 330 U.S. at 738, is rarely invoked as a basis of determining whether sovereign immunity applies.  But the Supreme Court has interpreted it to be a "way of saying that a court cannot entertain an action, when the sovereign has not consented to be sued, if the judgment sought from the court would require an official to do that which he could only do by virtue of the fact that he is an official[.]"  *Larson*, 337 U.S. at 714.

Under *Dugan* and related authorities, the case involving the Federal Defendants is not against the sovereign; therefore, no waiver of immunity is required and this Court has subject matter jurisdiction.  First, PHEAA does not seek a monetary judgment against the Federal Defendants, nor does any relief sought require expenditure from the federal treasury.  In fact, following this Court's ruling on the Federal Defendants' motion to dismiss, PHEAA no longer seeks *any* judgment against the Federal Defendants—only the State Defendants.  Even concerning the State Defendants, PHEAA only seeks declaratory and injunctive relief, not monetary relief.  Therefore, there is no risk of the court's judgment causing the Federal Defendants to "expend . . . on the public treasury," *Dugan*, 372 U.S. at 620, thereby implicating sovereign status.

Second, the relief requested by PHEAA—to declare the Connecticut Disclosure Statutes preempted and enjoin the State Defendants from taking administrative action against PHEAA's license to service student loans—compels neither action nor inaction by Education.  If summary judgment is granted in favor of PHEAA, or if PHEAA otherwise prevails on its remaining claims, this Court's judgment will not affect the Federal Defendants at all, at any time.  Even if, *arguendo*, this Court denies PHEAA's motion for summary judgment and ultimately finds, in favor of the State Defendants, that the Connecticut Disclosure Statutes are not preempted, still no

10

action by the Federal Defendants would be compelled or prohibited.  In that case, if Education sued PHEAA for breach of contract or other relief stemming from PHEAA's compliance with the Request, the Federal Defendants—at most—would be subject to issue or claim preclusion arguments by PHEAA.  Furthermore, this Court has already stated that "[i]f [the Federal Defendants] are joined as defendants under Rule 19," nevertheless "a judgment by this Court of non-preemption could not order them to perform, or refrain from performing, any acts."  Ruling at 27.  Without compelled or restrained action as a result of this Court's judgment, the Federal Defendants' sovereign status is not implicated.

Finally, the judgment PHEAA seeks does not interfere with public administration.  As interpreted by the Supreme Court in *Lawson*, a suit is against the sovereign if it requires a public official to act in her official capacity.  This prong, therefore, is largely redundant with the second prong concerning compelled action, and the analysis comes out the same way: none of the relief PHEAA seeks from this Court would require Secretary DeVos, or any other government official, to do anything at all.  Even if Federal Defendants are joined, and this Court makes a determination of non-preemption, the only effect would be to "preclude them from bringing a collateral challenge to the judgment" due to res judicata.  *Id.*  But the availability or non-availability of legal relief does not implicate official acts of the federal government.

In short, PHEAA is not maintaining a cause of action against the Federal Defendants as the federal 'sovereign.'  Therefore, this Court has subject matter jurisdiction over them.

## III.    Conclusion

For the foregoing reasons, PHEAA respectfully submits that this Court should continue to adhere to its original conclusion that the Federal Defendants "are not protected from joinder by sovereign immunity."  Ruling at 31.

Dated:  November 20, 2019          Respectfully submitted,


                                   */s/ John C. Grugan*
                                   John C. Grugan (admitted *pro hac vice*)
                                     gruganj@ballardspahr.com
                                   Burt M. Rublin (*admitted pro hac vice*)
                                     rublin@ballardspahr.com
                                   Thomas F. Burke (*admitted pro hac vice*)
                                     burket@ballardspahr.com
                                   **BALLARD SPAHR LLP**
                                   1735 Market Street, 51st Floor
                                   Philadelphia, PA 19103-7599
                                   Telephone: (215) 665-8500
                                   Facsimile: (215) 864-8999


                                   David A. Schulz (CT #439467)
                                   schulzd@ballardspahr.com
                                   **BALLARD SPAHR LLP**
                                   1675 Broadway, 19th Floor
                                   New York, NY 10019
                                   Telephone: (212) 850-6103
                                   Facsimile: (212) 223-1942

                                   *Attorneys for Plaintiff Pennsylvania Higher*
                                   *Education Assistance Agency*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of November, 2019 I electronically filed the foregoing PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF THE COURT'S SUBJECT MATTER JURISDICTION OVER THE CASE AGAINST THE FEDERAL DEFENDANTS with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

/s/ John C. Grugan
John C. Grugan