# EXHIBIT B

United States Department of the Treasury
United States Department of Education
Consumer Financial Protection Bureau

**Joint Statement of Principles on Student Loan Servicing**

The U.S. Department of Education, the U.S. Department of the Treasury, and the Consumer Financial Protection Bureau have developed this *Joint Statement of Principles on Student Loan Servicing* as a framework to improve student loan servicing practices, promote borrower success, and minimize defaults.[1]

**General Principles for Student Loan Servicing[2]**

Consistent with their respective authorities, responsibilities, and missions, the Departments and the Bureau are committed to working together so that all student loan borrowers have access to (1) the information they need to repay their loans responsibly and avoid default; (2) protections so that they will be treated fairly even if they are struggling to repay their loans; and (3) mechanisms so that errors are resolved expeditiously and assurances that student loan servicers, both in the marketplace and through federally-contracted companies, are held accountable for their conduct. The following principles have been developed to advance these goals.

There are four main types of postsecondary education loans under which borrowers have outstanding balances. Direct Loans are federal loans made directly to borrowers by the U.S. Department of Education through the William D. Ford Federal Direct Loan program. Federal Family Education Loan Program (FFELP) loans were originated by private lenders and guaranteed by the federal government. Federal Perkins Loans, which are co-funded by institutions of higher education and the federal government, are originated and administered by participating institutions. Direct Loans, Perkins Loans and FFELP loans are made pursuant to Title IV of the Higher Education Act of 1965, as amended (HEA). The SAFRA Act, enacted in 2010, ended new loan originations under the FFELP program in 2010, but a significant number

---

[1] On March 10, 2015, the President signed a Presidential Memorandum on a Student Aid Bill of Rights to Help Ensure Affordable Loan Repayment. The President directed the Secretary of Education, in consultation with the Secretary of the Treasury and the Director of the Consumer Financial Protection Bureau, to issue a report by October 1, 2015 on, among other things, recommendations concerning private and federal student loan servicing standards, flexible repayment opportunities for all student loan borrowers, and changes to bankruptcy laws. This *Joint Statement of Principles on Student Loan Servicing* will inform this required report.

[2] On September 29, 2015, the Consumer Financial Protection Bureau published *Student Loan Servicing: Analysis of Public Input and Recommendations for Reform*, analyzing comments the Bureau solicited from stakeholders including student loan borrowers, federal student loan servicers, private student loan market participants, policy experts, and state law enforcement officials and regulators as part of the Departments' and the Bureau's joint efforts to identify initiatives to strengthen student loan servicing.

of loans remain outstanding. Private student loans are made by depository and non-depository financial institutions, states, institutions of higher education, and other entities. Private loans are not governed by the Higher Education Act, but are subject to other federal and state laws. All Federal Direct Loans and some FFELP loans are held by the Department of Education and serviced pursuant to contracts with loan servicers and collection contractors. Servicing for Perkins Loans, privately-held FFELP loans, and private student loans is provided at the direction of the current loan holder, and servicing activities for Perkins and FFELP loans are governed by rules and regulations laid out by law and through the U.S. Department of Education. The economic incentives to provide servicing that best serves borrowers', loan holders', and taxpayers' needs vary across the different types of student loans.

In addition, the respective loan types come with varying levels of consumer protections and special benefits. Direct Loans, in general, offer borrowers more protections than private or FFELP loans. Borrowers with FFELP loans continue to consolidate into the Direct Loan program to access certain protections and benefits including the Public Service Loan Forgiveness Program, the nonaccrual of interest for servicemembers serving in areas of hostilities, and certain income-driven repayment plans. For federal loans, pursuant to provisions in the HEA, institutions of higher education are required to provide certain disclosures to borrowers that provide them with clear and helpful information about their loans and repayment options as part of schools' statutorily required entrance and exit counseling duties.

The Departments and the Bureau intend to work closely with one another, consistent with their respective authorities, to strengthen servicing protections for student loan borrowers, and will seek to ensure that student loan servicing is, where appropriate:

- **Consistent**. Student loan borrowers and servicers alike would benefit from a clear set of expectations for what constitutes minimum requirements for services provided by student loan servicers and servicer communications with borrowers, including adequate and timely customer service. Student loan borrowers should expect effective student loan servicing, including, but not limited to, conduct related to payment processing, servicing transfers, customer requests for information, error resolution, and disclosure of borrower repayment options and benefits. Such conduct should account for and recognize variations in loan features, terms, and borrower protections.

- **Accurate and Actionable**. Student loan borrowers often depend on servicers to provide basic information about account features, borrower protections, and loan terms. It is critical that information provided to borrowers by student loan servicers be accurate and actionable. Information, including explanation and instructions regarding borrowers' loans and repayment options, should be presented in a manner that best informs borrowers, helps them achieve positive outcomes, and mitigates the risk and costs of

default.

- **Accountable**. Student loan servicers, whether for-profit, not-for-profit or government agencies, should be accountable for serving borrowers fairly, efficiently and effectively. If servicers fall short and violate federal or state consumer financial laws, the HEA, contractual requirements, or federal regulations, then borrowers, federal and state agencies and regulators, and law enforcement officials should have access to appropriate channels for recourse, as authorized under law.

- **Transparent**. The public, including student loan borrowers, may benefit from information about the performance of private and federal student loans and the practices of individual student loan lenders and servicers, including information related to loan origination, loan terms and conditions, borrower characteristics, portfolio composition, delinquency and default, payment plan enrollment, utilization of forbearance and deferment, the administration of borrower benefits and protections, and the handling of borrower complaints. The federal government already makes much of this information available for federal student loans, and private-sector lenders and servicers should follow suit. Portfolio performance data, including data at the individual servicer level, should be available for all types of student loans.

--

**Note: The Consumer Financial Protection Bureau will submit this *Joint Statement of Principles on Student Loan Servicing* for publication in the *Federal Register*.**