**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY, | |
| Plaintiff, | Civil Action No. 1:18-cv-1114 (MPS) |
| v. | |
| JORGE L. PEREZ, in his official capacity as Commissioner of the Connecticut Department of Banking, | |
| CONNECTICUT DEPARTMENT OF BANKING, | |
| BETSY DEVOS, in her official capacity as Secretary of the United States Department of Education, | |
| and | |
| UNITED STATES DEPARTMENT OF EDUCATION, | |
| Defendants. | |

**FEDERAL DEFENDANTS' RESPONSE TO PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF THE COURT'S SUBJECT MATTER JURISDICTION**

## INTRODUCTION

Section 702 of the Administrative Procedure Act (APA) waives the Government's sovereign immunity for "[a]n action in a court of the United States seeking relief other than money damages *and stating a claim* that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority." 5 U.S.C. § 702 (emphasis added). Here, this Court has already concluded that Plaintiff Pennsylvania Higher Education Assistance Agency ("PHEAA") failed to state any claims against Federal Defendants, and the APA therefore provides no waiver of sovereign immunity. Ruling on Fed. Defs.' Mot. Dismiss at 2 ("Order"), ECF No. 59. By the plain language of the APA, the Federal Defendants should be dismissed from this suit.

## BACKGROUND

Plaintiff brought suit in interpleader against both the Connecticut Department of Banking and Federal Defendants the United States Department of Education and its Secretary, Betsy DeVos (collectively, "Education"). PHEAA asserted three claims for declaratory judgment against Education. This Court agreed with Education that "(1) the interpleader remedy does not fit the facts of this case, and (2) Plaintiff has failed to plead any other cause of action against [Education]." Order at 2. At bottom, the Court concluded that "PHEAA fails to allege a cause of action against the Federal Defendants over which this Court has jurisdiction." *Id.* at 21. At the same time, the Court concluded that Education could be joined as a required party under Rule 19 of the Federal Rules of Civil Procedure. *Id.* at 22.

Subsequent to its ruling, to "ensure that it has subject matter jurisdiction," the Court ordered supplemental briefing explaining why sovereign immunity "does not require dismissal of the Federal Defendants as parties in light of (1) the Court's ruling that the complaint does not state

2

a claim against them; and (2) [certain] language in 5 U.S.C. § 702" waiving immunity for suits against the Government only where they "stat[e] a claim" against the Government. Scheduling Order at 1, ECF No. 63.

## LEGAL STANDARD

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). "Sovereign immunity is jurisdictional in nature. Indeed, the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Id.* While immunity may be waived by statute, "[a] waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text, and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996). Accordingly, "[a]ny ambiguities in the statutory language are to be construed in favor of immunity." *FAA v. Cooper*, 566 U.S. 284, 290 (2012); *see id.* at 291 ("For the same reason that we refuse to enforce a waiver that is not unambiguously expressed in the statute, we also construe any ambiguities in the scope of a waiver in favor of the sovereign."). The "plaintiff bears the burden of establishing that her claims fall within an applicable waiver." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

## ARGUMENT

**I.  A Waiver of Sovereign Immunity Under the APA Requires Plaintiff to State a Claim Against the Government, and Plaintiff Has Not Done So.**

The straightforward question before this Court is whether the APA waives sovereign immunity where Plaintiff fails to state any claim against the Government. The answer is no, as is clear from the plain language of the APA.

3

The APA explicitly limits its waiver of sovereign immunity to "[a]n action in a court of the United States seeking relief other than money damages and *stating a claim* that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority."  5 U.S.C. § 702 (emphasis added).  Thus, pursuant to the plain language of the statute, a necessary precondition for waiver of immunity is that a plaintiff state a claim against the Government.  *Accord United States v. Davis*, 648 F.3d 84, 89 (2d Cir. 2011) ("It is axiomatic that the plain meaning of a statute controls its interpretation.") (citation omitted).  The legislative history of the statute also echoes the same requirement.  *See* H.R. Rep. No. 94-1656, at 3 (1976), *reprinted in* 1976 U.S.C.C.A.N. 6121, 6123-24 (stating that the law "would eliminate the defense of sovereign immunity as to any action in a Federal court seeking relief other than money damages *and stating a claim* based on the assertion of unlawful official action by an agency or by an officer or employee of the agency" (emphasis added)).

This requirement of "stating a claim" in section 702 mirrors the language of Federal Rule of Civil Procedure 12(b)(6), which requires dismissal of the complaint where it fails to "state a claim upon which relief can be granted."  Because courts "presume that Congress incorporates the common-law meaning of the terms it uses," *see United States v. Wells*, 519 U.S. 482, 491 (1997), the only logical reading of section 702 is that sovereign immunity is waived only if the complaint states a plausible legal claim, the same standard applied to determine whether dismissal is warranted under Rule 12(b)(6).  *Accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that under Rule 12(b)(6) "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'").  Indeed, Plaintiff does not dispute that "stating a claim" in section 702 means just that: alleging a plausible legal claim.  To hold

4

otherwise would strip this language of all meaning and waive sovereign immunity where Plaintiff has not in fact "stated a claim."

If more were needed, those courts that have closely examined this issue agree that the statute clearly means what it says. For instance, in *Cedar Lane Farms, Corp. v. Besancon*, No. 5:16-CV-1390, 2017 WL 1155564, at *1 (N.D. Ohio Mar. 28, 2017), a corporation filed a declaratory judgment action against the Department of Energy, relying upon the waiver of sovereign immunity in section 702. The court held that "for sovereign immunity to be waived by virtue of the APA, the complaint must meet two requirements." *Id.* at *3. Specifically, the court held, the plaintiff must (1) bring an action "seeking relief other than money damages and (2) stat[e] a claim based on the assertion of unlawful official action." *Id.* The court held that the complaint did not meet "the second requirement," because the complaint "simply does not allege that the DOE acted unlawfully in any way—neither through action nor inaction." *Id.* Thus, the court granted the Government's motion to dismiss because "the requirements of the APA for a waiver of sovereign immunity ha[d] not been met by the complaint." *Id.* at 4. Other courts to have addressed this question are also in accord. *See Cicco v. NASA*, No. 18-1164-EFM-TJJ, 2019 WL 1670759, at *3 (D. Kan. Apr. 17, 2019) (finding a suit barred by sovereign immunity where "Plaintiff does not allege any unlawful action, or inaction, by an agency or employee," such that "she does not state a claim that Defendant 'acted or failed to act'"); *Fed. Land Bank of Columbia v. Shepard*, 646 F. Supp. 1145, 1149 (M.D. Ga. 1986) ("Because [plaintiff] fails to state a claim under the APA, section 702 waiver does not apply and suit is barred by sovereign immunity."). As in these cases, Plaintiff here failed to state a valid claim against the Government, and in accordance with the plain language of section 702, sovereign immunity bars this suit against the Government.

Plaintiff relies primarily on *EEOC v. Peabody W. Coal Co.*, 610 F.3d 1070 (9th Cir. 2010), but *Peabody* does not address whether section 702 waives the Government's sovereign immunity when no claim has been stated against the Government. In *Peabody*, the EEOC sued a coal company for maintaining an employment preference for Navajo Indians at mines it leased from the Navajo Nation, in violation of Title VII of the Civil Rights laws. The Secretary of the Interior drafted, approved, and required the inclusion of the Navajo employment preferences in the mining leases. 610 F.3d at 1075. After finding that the Secretary was a necessary and indispensable party, the court turned to consider whether the EEOC could join the Secretary as a defendant. The court concluded that the EEOC could not, because it was statutorily prevented from filing suit against an agency, not because of sovereign immunity. *Id*. at 1083. As Plaintiff notes, Pl.'s Mem. in Supp. of Subject Matter Jurisdiction at 3 (Pl.'s Mem.), ECF No. 66, the *Peabody* court did ultimately conclude that an impleader complaint by the defendants against the Secretary might be possible, but it did so after analyzing whether the Secretary would enjoy sovereign immunity against such a suit under section 702 of the APA, and concluding that the Secretary would not be immune, because the defendants could potentially state an APA claim against the Secretary that his agency action of mandating the disputed lease terms violated Title VII. *Peabody*, 610 F.3d at 1085-86.

That is entirely distinguishable from this case, where the Court has held that Plaintiff failed to state an interpleader claim, a claim for declaratory relief, or any other claim against Federal Defendants. Order at 2, 14-15, 22. Plaintiff's argument that this case is like *Peabody* because Plaintiff "has properly sought declaratory relief against the Federal Defendants," Pl.'s Mem. at 5, cannot be squared with this Court's ruling on Federal Defendants' motion to dismiss.

Nor is the other case Plaintiff relies on helpful.  In *O'Leary v. Moyer's Landfill, Inc.*, 677 F. Supp. 807, 816-19 (E.D. Pa. 1988), the court agreed to join EPA to an action to enforce a consent decree over a landfill cleanup.  While the court rejected EPA's sovereign immunity defense, it said nothing about whether the plaintiff could or did state a claim against EPA, and so cannot support Plaintiff's assertion here that no such claim is necessary.  Indeed, the court concluded that joinder was appropriate in order "to consider whether to enjoin EPA from interfering with the . . . Consent Decree." *Id.* at 815.  Moreover, the court noted that the plaintiff could also file a separate citizen suit against EPA for acting contrary to a court order, the consent decree. *Id*. at 815 n.5.  Thus, *O'Leary* fails to support Plaintiff's argument that sovereign immunity is waived under section 702 where no claim is stated against the Government.

Plaintiff also argues that "[b]inding the Federal Defendants through res judicata" should be considered "similar enough" to a claim for declaratory or injunctive relief to satisfy section 702's claim requirement.  Pl.'s Mem. at 5.  But contrary to this argument to read section 702 "broadly," *id*., waivers of sovereign immunity must be construed "narrowly in favor of the sovereign."  *Lane*, 518 U.S. at 195.  "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text, and will not be implied." *Id*. at 192.  Moreover, "[a]ny ambiguities in the statutory language are to be construed in favor of immunity." *Cooper*, 566 U.S. at 290.  Pursuant to this Court's decision, Plaintiff has not stated a claim against Education here, the plain requirement for a waiver under section 702.  And even if the phrase "stating a claim" could be ambiguous, the phrase must be read narrowly and in the Government's favor to require Plaintiff to plead a plausible cause of action against the Government, which, again, Plaintiff has not done.

At bottom, Plaintiff argues that its concerns about potential future Government action require joinder of Education, regardless of sovereign immunity. But section 702 says otherwise. It requires plaintiff to "stat[e] a claim" against the Government not only when the case is against the Government, but also when the "United States is an indispensable party." 5 U.S.C. § 702. In other words, the statute explicitly preserves sovereign immunity in cases where the Government is a required party, but no claim is stated against it. Thus, section 702 requires Plaintiff to "stat[e] a claim" against the Government for a waiver of sovereign immunity to apply, and Plaintiff has not done so. Sovereign immunity accordingly bars joinder of the Government here.

## II. Plaintiff's Suit Is Against the Government as Sovereign.

Plaintiff alternatively argues that its suit against Education is not in fact against the Government as a sovereign. "A judicial proceeding is considered brought against the sovereign if the result could serve 'to restrain the Government from acting, or to compel it to act.'" *EPA v. Gen. Elec. Co.*, 197 F.3d 592, 597 (2d Cir. 1999) (citation omitted). Plaintiff contends that its desire to bind Education for res judicata purposes will not deplete the federal fisc or compel the agency to perform or not perform any acts, and that therefore sovereign immunity would not apply because this judicial proceeding would not be brought against the Government in its sovereign capacity. While creative, this argument is similarly unavailing.

This Court found that joinder of Education was required in order to "bind them for purposes of res judicata [and] preclude them from bringing a collateral challenge to the judgment." Order at 27. Thus, once this Court rules on the merits, and if Education remains joined as defendant, Education would clearly be restrained from re-arguing the preemption issue currently before this Court, and would also be restrained from challenging the judgment in a collateral proceeding. The imposition of these restraints by the Court was the very purpose of

8

joining Education as a defendant, and this case accordingly constitutes a "judicial proceeding," the result of which "could serve to restrain the Government from acting." *Gen. Elec. Co.*, 197 F.3d at 597 (citations and quotation marks omitted). Because the Government would be precluded from certain acts as a consequence of this suit, the suit would be against the Government as a sovereign.

But these are not the only restraints at issue here. If the Court decided that the relevant Connecticut state laws are not preempted, and the Government was bound to that judgment, the plain effect of the decision would prevent the Government from taking adverse action against PHEAA for turning over student loan records in accord with the Court's decision. Indeed, the avowed purpose of Plaintiff's interpleader action is to prevent Education from taking legal action or other adverse action against it, should it seek to comply with such a court order. *See* Pl.'s Opp'n to Fed. Defs.' Mot. to Dismiss at 19, ECF No. 48 (Plaintiff argued that joinder was required or else Education "would then be free to litigate PHEAA's obligations"). To be sure, Education maintains its position that it has no current plans to impose penalties on PHEAA for compliance with a court order. But the clear effect of this Court's judgment, if it found no preemption of state law, would be to restrain the Government from taking any adverse action with respect to its contractor, such as imposing penalties or rescinding its contract, if it decided to then turn over student loan records to Connecticut. Such restraint of Government action also clearly implicates the authority of the Government as sovereign. *See Ove Gustavsson Contracting Co. v. Floete*, 278 F.2d 912, 914 (2d Cir. 1960) ("A request for a declaratory judgment upon a contract to which the government is a party is plainly a request for relief against the United States."); *Ala. Rural Fire Ins. Co. v. Naylor*, 530 F.2d 1221, 1226 (5th Cir. 1976)

(holding that a suit was "[m]anifestly" against the Government as sovereign where the case could, among other things, restrain the Government "from rescinding the award of the contract").

Because Plaintiff has failed to carry its burden to show an applicable waiver, Education should be dismissed pursuant to sovereign immunity.

Dated: December 20, 2019

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

/s/ Rebecca M. Kopplin
REBECCA M. KOPPLIN
Trial Attorney (California Bar No. 313970)
MICHAEL DREZNER
Trial Attorney (Virginia Bar No. 83836)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20005
Telephone: (202) 514-3953
Facsimile: (202) 616-8470
Email: Rebecca.M.Kopplin@usdoj.gov

*Counsel for Federal Defendants*